.STATE v. MILLARD F. DANCY.

*Indictment—Assault with intent to Commit Rape—Judge's Charge.*

On the trial of an indictment for an assault with intent to commit rape, where there was evidence that the defendant (a boy of fifteen) had been found on the prosecutor's child (a girl of about six), she being on her back with her clothes up, &c.; *Held,* to be error for the Court in its charge to the jury, to remark with emphasis, "Why was she on her back?· And why was he on her?" as violative of the Act, Rev. Code, ch. 31, § 130.

(*State* v. *Angel,* 7 Ire. 27 ; *State* v. *Dixon,* 75 N. C, 275 ; *Crutchfield* v. *R. & D. R. R. Co.,* 76 N. C. 320, cited and approved.)

· INDICTMENT for an Assault with intent to commit Rape, tried at Fall Term, 1877, of WILKES Superior Court, before *Cloud, J.*

It was in evidence that the defendant was in the employment of the father of the female child under ten years of age, upon whom the offence was alleged to have been committed, and on a certain occasion, the father hearing a noise therein went to his barn and found the defendant on the child, she being on her back with her clothes up, and discovered other evidences of improper intercouse. Both the defendant and the child were chastised by the father. The defendant was about fifteen years of age. The exception to the charge of His Honor, which is the basis of the decision of this Court, is embodied in the opinion delivered by Mr. Justice BYNUM. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney General* for the State.

No counsel for the prisoner.

BYNUM, J. The prisoner, a boy of fifteen or sixteen years ·of age, was convicted of an assault with an intent to com-

mit a rape, upon a female child of the age of six years. The exception of the prisoner is to the Judge's charge to the jury.

The prisoner's counsel in his argument to the jury attempted to show from the evidence, that the prisoner did not have the intent to commit the offence charged. The case then states that "His Honor, in commenting upon the testimony and referring to the theory of the State, remarked with emphasis, 'Why was she on her back then? and why was he on her? The counsel for the State asked, why was it if you believe the testimony.' His Honor at no time referred to the theory or argument presented by the counsel of the prisoner." So much of the charge is transcribed as presents the exception, but no other part of it explains or qualifies the language above set forth. The exception is that this language was an expression of the opinion of the Court, as to the guilt of the prisoner and was a violation of the Act. Rev. Code ch. 31 § 130. The parties had taken issue upon these very facts, as indicating or not indicating the intent charged, and upon which the Judge, by his language and emphasis, as we think, very clearly intimated an opinion adverse to the prisoner. It was at this material point in the dispute, especially, that the statute restrained, and was intended to restrain the Judge from any expression of opinion to the jury upon the facts in evidence. *State* v. *Angel*, 7 Ire. 27; *State* v. *Dixon*, 75 N. C. 275; *Crutchfield* v. R. & D. R. R. Co., 76 N. C. 320.

As the evidence appears in the record, it may well admit of doubt, if there was that felonious and wicked intent on the part of this boy, which constitutes the crime charged. It was certainly an offence which called for the severe discipline of the domestic forum, and to a certain extent, that seems to have been inflicted.

There is error.

PER CURIAM.                                    *Venire de novo.*