STATE v. JAMES HAWKINS.

*Indictment for Perjury—Defendant Testifying in his own Behalf—Falsity of Oath—Corroborative Evidence.*

1. Where, on the trial of one charged with an offence before a Mayor of a town, he permits himself to be called by his counsel and sworn as a witness, and testifies in his own behalf, the examination being conducted by his counsel and the cross-examination by opposing counsel, and the caution and advice prescribed by section 1145 of *The Code* not being given, he will be deemed to be exercising the right to testify given by section 1353 of *The Code*, and not under the provisions of section 1145.

2. In the trial of an indictment for perjury, it is necessary that the falsity of the oath be proven by two witnesses, or by one witness and corroborative circumstances sufficient to turn the scales against the defendant's oath.

3. Where, in the trial of a defendant charged with falsely swearing, on a trial before a Mayor, that he did not have an axe in a fight in

which he was engaged, the person assaulted testified that the defendant did have an axe, with which he inflicted a wound on the witness' head, testimony of a physician that the wound "was made with a sharp-edged instrument," was a sufficient corroboration to establish the falsity of defendant's oath.

Indictment for perjury, tried before *Bynum, J.,* at September Term, 1894, of WAKE Superior Court.

The indictment charged the defendant with committing perjury upon the trial of an action in the Mayor's Court of the city of Raleigh, in which the State was plaintiff, and said defendant and one Benjamin Curtis were defendants, "by falsely asserting, on oath, that he, James Hawkins, did not have or use an axe, or any kind of sharp instrument, in a fight" in 'which he, said Hawkins, was charged with having engaged with said Curtis, in the trial aforesaid, knowing said statement to be false, etc.

Thomas Badger, a witness for the State, testified that he is Mayor of the city of Raleigh, and tried the case charged in the following warrant, in substance:

"Whereas, etc., he is informed and believes that James Hawkins did, in the city of Raleigh, on September 17, 1894, unlawfully, etc., commit wilful perjury, by testifying, under oath, in the trial of a warrant of *The State* v. *James Hawkins and Benjamin Curtis,* before the Mayor of the city, that he did not use or have an axe or any kind of sharp instrument in the fight with Benjamin Curtis, whereas, in said fight, he did have and use an axe, contrary," etc. (The Mayor adjudged that the defendant give a justified bond for his appearance at the Superior Court of Wake.) "The defendant was sworn, and he and the other defendant were both represented by counsel. I gave the defendant no caution, did not advise him of any of his rights nor ask him any question. His counsel appeared for him, and when I asked counsel if he desired to introduce any witnesses, he replied yes, he desired to introduce the defendant. The defendant was then introduced and sworn

by me, on the Bible, as required by law, his right hand on the Bible, and he was sworn to tell the truth, the whole truth, and nothing but the truth, in regard to the matter then on trial, as charged in the warrant. He was examined by his counsel and cross-examined by counsel for the other defendant. The examination was made publicly, and in the presence of the other witnesses."

The defendant objected to any testimony as to what the witness swore in the examination, upon the ground that the Mayor did not caution him, and examined him in the presence of the other witnesses, and the defendant could not take any binding oath under an oath administered as the Mayor testified he had administered it to defendant, under sections 1146 and 1149, inclusive, of *The Code*. Objections overruled, and defendant excepted.

The witness then testified : " I can give the substance of his evidence. The attorney for Curtis asked him (Hawkins) on cross-examination, ' Did you at any time have or use an axe, or any kind of sharp instrument, during the fight with Curtis?' His answer was, ' No, I did not.' Upon his cross-examination, the same counsel said : ' You are under oath, and I put you on your guard.'

"Curtis, a witness for the State, testified that the fight between defendant and himself occurred at Lee's stables ; that Hawkins at first hit him two licks with a stick, and then got an axe and cut him with it in the back of the head.

"Upon cross-examination, this witness testified : ' I saw the axe ; it was one that was used for cutting the wires off of bales of hay ; it was not sharp.'

"Dr. Scruggs, a witness for the State, testified without objection, that he was a practicing physician, and was called to attend Curtis shortly after the difficulty. ' He was cut in the back part of the head. The cut was two inches long, through both plates of the skull and to the membrane that covers the brain. I could see the brain. It was an

incise wound, that is, a smooth cut wound, not a lacerated or contused wound. The wound was made with a sharp-edged-instrument. It was a severe blow, as it cut through both plates of the skull.'"

This was all the evidence.

Upon the conclusion of the evidence, the defendant's counsel asked the Court to instruct the jury that they could not convict the defendant upon the evidence. This was refused, and defendant excepted.

The Court left the case to the jury with proper instructions, to which there were no exceptions, except the refusal to charge as above requested.

There was a verdict of guilty, and the defendant appealed from the judgment pronounced.

*The Attorney General* for the State.
*Mr. Thos. M. Argo,* for defendant (appellant).

BURWELL, J.: The testimony shows that when the defendant made in the Mayor's Court the statement which is alleged to have been false, he was not being examined under the provisions of section 1145 of *The Code,* but was testifying in his own behalf and of his own accord, and at the suggestion of his own counsel, then present. He had a right so to testify. *The Code,* section 1353. If he saw fit to exercise that right, as it seems he did, he is to be treated just as any other witness.

2. There was the testimony of one witness (Curtis) that the oath of the defendant was false. To prove its falsity it was necessary to supplement this either by the evidence of another like witness, or else by proof of corroborative circumstances sufficient to turn the scale against the defendant's oath. *State* v. *Gales,* 107 N. C., 832.

We think the evidence of Dr. Scruggs as to the nature of the wound furnished such corroboration. He said that it

" was made with a sharp-edged instrument." An axe, though such a one as the witness Curtis described, is "a sharp-edged instrument " within the meaning of those words as used by the witness.                                        No Error.