### STATE v. WILLIS LEE.

*Indictment for Murder—Trial—Evidence of Wife of Prisoner —Close Relations.*

While the rule is that the law looks with suspicion upon the evidence of close relations and interested parties and it must be received with some degree of allowance, yet the rule does not reject or necessarily impeach it, and if, from the testimony or from it and the other facts and circumstances in the case, the jury believe that such witnesses have sworn the truth, then they are entitled to as full credit as any other witness.

INDICTMENT for murder tried at February Term, 1897, of the Circuit Criminal Court of EDGECOMBE County before *Meares, J.* The defendant was convicted of murder in the first degree and appealed assigning various alleged errors for one of which, as set out in the opinion, a new trial is granted.

*Mr. Zeb V. Walser, Attorney General,* for the State.

*Messrs. Gilliam & Gilliam* and *R. O. Burton,* for defendant (appellant).

FAIRCLOTH, C. J.: The prisoner stands indicted for murder. Several exceptions were made, and we find one that requires us to order a new trial, and as the others may not be made again we do not pass upon them at present. The

prisoner's wife was examined by him. In regard to her testimony the Court charged the jury: "They (the prisoner and wife) stand in the close relation of husband and wife, and the law is that, standing in close relation, there is a cloud of suspicion cast upon her testimony. At the same time the law does not say that a wife cannot swear to the truth. The law does not instruct you not to believe her, but it does caution you to scan her testimony very closely. . . The wife is a competent witness in behalf of her husband, but in view of the close relation between them and the cloud of suspicion cast upon her testimony, the law says the jury should scrutinize her evidence with great severity. If the jury reject the evidence of the wife, it would still devolve upon the State to furnish you with evidence to satisfy you beyond a reasonable doubt of the guilt of the prisoner." To this charge the prisoner excepted.

Besides the strong and significant language of his Honor, which we cannot approve, he failed to instruct the jury, as this Court has several times pointed out and required to be done, that, if they believe the discredited witness has sworn the truth, he is entitled to as full credit as any other witness. We will again state the rule: The law regards with suspicion the testimony of near relations, interested parties, and those testifying in their own behalf. It is the province of the jury to consider and decide the weight due to such testimony, and, as a general rule, in deciding on the credit of witnesses on both sides, they ought to look to the deportment of the witnesses, their capacity and opportunity to testify in relation to the transaction, and the relation in which the witness stands to the party; that such evidence must be taken with some degree of allowance and should not be given the weight of the evidence of disinterested witnesses, but the rule does not reject or necessarily impeach it; and if, from the testimony, or from it and the other facts

121—69

and circumstances in the case, the jury believe that such witnesses have sworn the truth, then they are entitled to as full credit as any other witness. The omission in his Honor's charge, tested by this rule, was liable to mislead the jury into the impression or belief that the evidence of the wife is to be to some extent discredited, although the jury may think she is honest and has told the truth. *State v. Nash,* 30 N. C., 35; *State* v. *Boon,* 82 N. C., 637; *State* v. *Holloway,* 117 N. C., 730; *State* v. *Collins,* 118 N. C., 1203. We must therefore order a new trial.

New trial.