### STATE v. ERNEST COOK.

(Filed 20 March, 1913.)

1. Jury—Evidence—Expression of Opinion by Court—Remarks in Jury's Hearing—Interpretation of Statutes—Appeal and Error.

Revisal, sec. 535, forbidding a judge in his charge to the petit jury in a criminal or civil case to express opinion on the facts involved, applies to any expression of opinion by the judge in the hearing of the jury at any time during the trial.

2. Same—Instructions Not Corrective.

Where self-defense is pleaded to a charge of murder, and there is evidence tending to show that the prisoner was unsuccessfully endeavoring to retreat from an attack made on him by the deceased and one P. with sticks, and that a third assailant, having made threats, had secured a gun and was returning with the gun, pointing it at the prisoner; and it appears that while the attorney for the prisoner was arguing to the jury that because of the advance on the prisoner by the deceased and P., both with sticks, the latter known by the prisoner to be a man of violent character, the prisoner had a good and lawful reason for firing the fatal shot, the court interrupted him by saying, "What difference does it make if P. was advancing on him with a stick? That would not give him a right to kill the deceased," the remark of the court, in the hearing of the jury, is an expression of his opinion on the evidence, which constitutes reversible error, and it is not cured by an instruction that the jury are the sole judges of the evidence.

APPEAL from *Ferguson, J.,* at August Term, 1912, of WAYNE.

S. *v.* Cook.

Indictment for murder of one Ben. Coley. Prisoner was convicted of manslaughter and from judgment on the verdict appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Dortch & Barham and Langston & Allen for defendant.*

HOKE, J. It was admitted by the prisoner that he fired the shot which killed the deceased, and there was other evidence on the part of the State tending to establish guilt.

On the part of the prisoner there was evidence tending to show that the killing was in his necessary self-defense; that at the time the fatal shot was fired the deceased and one Frank Pittman, who had already struck prisoner a severe blow with a heavy stick, were advancing on prisoner, both with heavy sticks and pressing him so close that he was unable to get away; that prisoner was running at the time, and, not being able to escape the assault, that he turned and fired back as he ran, two shots, etc. When asked why he shot the second time, prisoner replied, "They were right at me, and I could not get over the fence." The prisoner also testified that at this time Alvin Coley, a brother of deceased, had started to the house, and with an oath said, "I'll get the gun," and was returning with it, pointing towards prisoner. While one of the prisoner's counsel was arguing this phase of the case to the jury, and contending that owing to the advance on him by deceased and Frank Pittman, both with sticks, and Pittman known to the prisoner to be a man of violent character, the prisoner had good and lawful reason for his act, his Honor interrupted counsel, saying, "What difference does it make if Pittman was advancing on him with a stick? That would not give him the right to kill Ben. Coley." This to our minds, was a clear expression of opinion on the part of his Honor as to the weight and sufficiency of an important part of testimony tending to establish his plea of self-defense, and is in violation of our statute regulating jury trial, Revisal, sec. 535, and in which a judge is forbidden, in giving a charge to the petit jury in a civil or criminal case, to express an opin-

ion whether a fact is fully and sufficiently proved, "such matter being the true office and province of the jury." While the statute refers in terms to the charge, it has always been the accepted construction that it applies to any such expression of opinion by the judge in the hearing of the jury at any time during the trial. Pell's Revisal, sec. 535; *Park v. Exum,* 156 N. C., 228; *Withers v. Lane,* 144 N. C., 184; *S. v. Dick,* 60 N. C., 440. The learned and usually careful judge was evidently conscious that he had probably and by inadvertence prejudiced the prisoner's case, for he added, "But the court has no right nor has it the inclination to express an opinion about the case"; but the forbidden impression had already been made, and as to the vital portion of prisoner's plea, and on authority, the attempted correction by his Honor must be held inefficient for the purpose. *S. v. Dick, supra; S. v. Caveness,* 78 N. C., 484.

In *S. v. Dick* the Court held: "Any remark made by a judge, on the trial of an issue by a jury, from which the jury may infer what his opinion is, as to the sufficiency or insufficiency of the evidence or any part of it pertinent to the issue, is error, and the error is not corrected by his telling the jury that it is their exclusive province to determine on the sufficiency or the insufficiency of evidence and that they are not bound by his opinion in regard thereto."

For the error indicated, the prisoner is entitled to have his cause heard before another jury, and it is so ordered.

New trial.