### G. A. P. BOWMAN v. FIDELITY TRUST AND DEVELOPMENT COMPANY ET AL.

(Filed 1 December, 1915.)

**Instructions—Contract—Breach—Testimony of One Witness.**

Where suit is entered for damages for breach of a contract of employment for a year, against a corporation which denies liability on the ground that the contract had been terminated by the mutual consent or agreement of the parties, it is reversible error for the trial judge to charge the jury that if they believed the testimony of an officer of the company, which was capable of the construction that the defendant had wrongfully breached its contract, to find the issue in plaintiff's favor, there being other evidence in behalf of the defendant's contention.

APPEAL by defendant from *Rountree, J.*, at May Term, 1915, of NEW HANOVER.

Civil action. There was allegation, with evidence, on the part of plaintiff, that in May, 1912, he entered into a contract for a year's service in insurance work for defendant company at a specified compensation; that he was wrongfully discharged during the continuance of the contract, and, having waited till the year expired, sued for damages for breach, to wit, the contract amount, less amount earned by him during the year, etc.

Defendant denied a breach of the contract and alleged, further, that the contract between the parties had been voluntarily surrendered and canceled and all rights growing out of same satisfactorily adjusted, and offered evidence to support its position.

On issues submitted the jury rendered the following verdict:

1. Did the defendant break its contract with the plaintiff, as alleged in the complaint? Answer: Yes.

2. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $3,600, minus $1,750; net, $1,850.

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Kenan & Stacy for plaintiff.*
*C. D. Weeks and J. D. Bellamy & Son for defendant.*

HOKE, J. In the charge of his Honor on the first issue, he said, among other things: "The court charges you that if you believe the evidence of Mr. Chadwick, who is an officer of the company, familiar with its affairs, you will answer that issue 'Yes,' irrespective of the testimony of the plaintiff, who also says that the contract was breached by the defendant."

Again, after a very careful statement of the position of the parties plaintiff and defendant on the other features of the case, he says: "Remember the court charges you if you believe Chadwick's testimony, you will answer the first issue 'Yes,'" etc. True, this witness, Chadwick, was an officer of defendant company and had testified in its behalf, but, in our opinion, while the permissible, it is not at all the necessary interpretation of the witness's testimony that there had been a wrongful breach of the contract on the part of the defendant. Some portions of his testimony are capable of the construction that the contract had been surrendered and canceled by mutual consent of the parties, as defendant contended. Apart from this, there were other witnesses who testified for defendant, and their statements tended to show there had been no wrongful breach of the contract within the meaning of the issue, and in singling out this witness and making the case depend in this way on his

evidence alone, we are of opinion that, under our decisions, the charge, in this respect, should be held reversible error. *Cogdell v. R. R.,* 129 N. C., 398; *Long v. Hall,* 286-293; *Jackson v. Comrs.,* 76 N. C., 282; *Anderson v. Steamboat Co.,* 64 N. C., 399.

This will be certified, that the cause may be submitted to another jury. New trial.