### STATE v. MELVIN HORNE.

(Filed 5 April, 1916.)

**Witnesses, Expert—Homicide—Trials—Courts—Expression of Opinion—Appeal and Error.**

It is within the sound discretion of the trial judge to call a medical expert witness, of his own motion, and examine him on the trial for a homicide, without the desire of the parties, exercising care to not prejudice either one; but in this case it is held that the expression of the opinion of the court as to the "admirably lucid" testimony of the witness was stronger than the statute permitted, and constituted reversible error.

INDICTMENT for murder, tried at September Term, 1915, of NEW HANOVER, before *Rountree, J.*

The prisoner was convicted of murder in first degree, and from the sentence of death appeals.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*C. D. Hogue, K. O. Burgwin for the prisoner.*

BROWN, J. The prisoner was convicted of the murder of D. L. T. Capps, and sentenced to death. On the trial the court of its own motion called as an expert witness one Dr. Stovall. The witness, after examination, was found by the court to be an expert. The question presented is whether or not a judge is at liberty of his own motion to call expert witnesses who are not desired either by the State or by the defendant.

This is a matter within the sound discretion of the trial judge. He has the right to call to the witness stand and examine any witness who may be able to shed light upon the controversy. He should exercise this right with care and should so conduct the examination as not to prejudice either party.

It has been the immemorial custom for the trial judge to examine witnesses who are tendered by either side whenever he sees fit to do so, and the calling of a witness on his own motion differs from this practice

in degree and not in kind. This practice, in the case of ordinary witnesses, has been approved in some instances. *Clark v. Com.,* 90 Va., 633; *Hill v. Com.,* 88 Va., 633; *O'Connor v. Ice Co.,* 121 N. Y., 662; 57 L. R. A., 875, and note.

This practice is especially allowable in the matter of an expert witness, originally regarded as *amicus curiæ* and called, generally, by the court. 3 Chamberlayne on Evidence, secs. 2376 and 2552.

The prisoner excepts to the following charge: "The State relies to a considerable extent upon the testimony of Dr. Stovall, who it appears from the witness stand was selected by the court to make an investigation of this defendant, and to take the stand and testify before you impartially as to his opinion upon the matter. The State calls your attention to the fact that Dr. Stovall gave an admirably lucid account of what he conceived to be and his opinion of the mental condition of the defendant."

The general tone of this commendation of the witness is much warmer and stronger than is consistent with that moderation and reserve of expression which is enjoined upon a trial judge. *Powell v. R. R.,* 68 N. C., 395; *Withers v. Lane,* 144 N. C., 184.

While the learned judge had the right to call the expert witness to the stand, he had no right to throw into the jury box the weight of his own good opinion of the witness.

It was well calculated to weigh heavily against the prisoner.

New trial.