## STATE v. CHARLIE BEAVERS.

(Filed 19 November, 1924.)

**1. Appeal and Error—Objections and Exceptions—Contentions.**

The appellant must at the time call the attention of the trial judge to errors he is alleged to have committed in stating the contentions of the parties to the jury, and an exception after verdict comes too late to be considered on appeal.

**2. Evidence—Interest—Instructions—Criminal Law.**

The testimony of defendant if accepted as true by the jury, is given the same credibility as that of a disinterested witness, and a charge to that effect, after a proper instruction as to interest, is not error.

**3. Constitutional Law—Criminal Law—Punishment—Intoxicating Liquor.**

A sentence for two years for violating the Turlington Act will not be held as inhibited by our State Constitution as cruel and unusual, by reason of the fact that the judge after the trial and before sentence, made inquiry into the character of the defendant, the sentence imposed being in conformity with the provisions of the statute. Constitution, Art. I, sec. 14.

APPEAL by defendant from *Sinclair, J.,* and a jury, July Term, 1924, of DURHAM.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. W. Barbee and R. M. Gantt for defendant.*

CLARKSON, J. The defendant was originally tried before the recorder in Durham for violation of the Turlington or Conformity Act for possessing and transporting liquor, was found guilty and sentenced to the roads and appealed to the Superior Court.

The law in regard to the possession and transportation of liquor is fully considered in *S. v. McAllister,* 187 N. C., p. 400.

The defendant's first contention is that in the court below he did not have a fair and impartial trial. That the court below, in violation of C. S., 564, in the charge to the jury, contrary to the statute, gave an opinion whether a fact was fully or sufficiently proven—that being the true office and province of the jury.

From a careful reading of the evidence in the record, there was conflicting evidence in several respects. The court below told the jury: "The rule is that where there is a direct conflict of evidence it is the duty of the jury to try to reconcile before saying anybody has intentionally testified to falsehood, if you can do it on the ground that somebody is reasonably mistaken, that the person's memory is at fault.

But if you are unable to reconcile the testimony which is conflicting, it is your duty to say what evidence you will accept and what you will reject. It is entirely a matter for you to say what you will accept and what you will reject." The court below then mentioned the conflict in the evidence and spoke of them as contentions: "It is contended that in all these respects there is a direct conflict of evidence. It is your duty to say how much weight you give to each part of this conflicting evidence. You must use your common sense and judgment and conscience. It is your problem and yours entirely. *You must (not) regard anything I say as an expression of opinion about what the truth is, because it does not come into my province, gentlemen of the jury; to express my opinions about the facts as that is entirely a matter for the jury.*"

If calling attention to the discrepancies in the evidence is treated as giving a contention and were inaccurate, it was the duty of the defendant to bring it to the notice of the court at the time so that correction could be made. It is too late on appeal. *S. v. Ashburn,* 187 N. C., p. 723. We do not think on the whole this objection to the charge can be held as prejudicial.

The next contention is to the weight that should be given to the defendant's testimony. The court below gave the following charge: "It is proper in all criminal cases that you should scrutinize the evidence of the defendant himself before you accept it as being true because the law says that a defendant, in all criminal cases, is tempted to testify so as to shield himself and it is your duty to take this principle of the law into consideration and use your common sense in giving the defendant's testimony such weight as it is entitled to. *If you find that he is testifying to the truth, it will be your duty to give it just as much weight as you would the testimony of a disinterested witness.*"

We think this charge is fully sustained by our authorities, and the latter part of it is almost in the exact language in *S. v. Fogleman,* 164 N. C., p. 462.

In *S. v. Barnhill,* 186 N. C., p. 451, it was said: "The court below laid down the *crucial rule,* 'If you find that the evidence is entitled to be believed, *you have a right to accept it and give it the same weight you would that of any disinterested witness.*' The use of the word 'duty' would not be amiss, but the nonuse is not error."

In his brief, the defendant attacks the judgment of the court below sentencing the defendant to two years on the public roads as cruel and unusual punishment, prohibited by the Constitution, Article I, sec. 14.

The evidence, from the record, showed that the general reputation of the defendant, Beavers, was that of handling whiskey. His own admission was that he did not know how often he had been in court. The week

POWER CO. *v.* CASUALTY CO.

before he was indicted for vagrancy, and he had been in court for assault and battery and speeding.

On the question of punishment after conviction, it is the custom for the court below to hear evidence as to character. This evidence is not a part of the record proper. Although his conviction was for three pints of liquor, it is to be presumed that the court below took the record evidence into consideration, as to defendant's general reputation as being a liquor seller, vagrant, etc. All this is a matter of sound discretion in the court below. We do not find any case, however, in our Supreme Court Reports from *S. v. Driver,* 78 N. C., 423, to *S. v. Smith,* 174 N. C., 804, which holds that such punishment in a flagrant case of misdemeanor is prohibited by the Constitution.

We can find from the record no prejudicial or reversible error. The jury returned a verdict having been charged by the court below: "Before you can convict him you will have to find from the evidence that he is guilty beyond a reasonable doubt."

No error.