STATE v. LUM RAY AND MARSHALL DEYTON.

(Filed 16 May, 1928.)

**Criminal Law—Evidence—Credibility to be Given Defendant as Witness— Questions for Jury.**

A witness charged with a felony, who takes the stand to testify in his own defense, is entitled to have the jury accept his testimony as that of a disinterested witness if they should find him worthy of the same belief, notwithstanding his interest, and when the judge charges the jury, without this qualification, that the law requires them to scrutinize carefully testimony of this character, to examine it thoroughly because of the great interest of the witness in their verdict, etc., it constitutes reversible error.

APPEAL by defendants from *Moore, J.,* at October Term, 1927, of YANCEY.

Criminal prosecution tried upon an indictment charging the defendants with the murder of one William Laws on 17 August, 1927.

Upon the call of the case for trial, the solicitor announced that the State would not ask for a verdict of murder in the first degree, but would ask for a verdict of murder in the second degree, or manslaughter, as the evidence might disclose. The defendants entered a plea of not guilty, and undertook to justify the homicide as having been committed in self-defense.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's prison, at hard labor, for a term of not less than 15 nor more than 20 years.

Defendants appeal, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Watson, Hudgins, Watson & Fouts for defendants.*

STACY, C. J. The validity of the trial is called in question by numerous exceptions and assignments of error, but we shall not consider them *seriatim,* as it is necessary to award a new trial for error in the following instruction to the jury:

"The defendants came upon the stand in their defense. This they had a right to do, and in examining their testimony, gentlemen, the law requires you to scrutinize their testimony very carefully, examine it thoroughly and carefully because of their great interests in the result of your verdict, and the result it might have on your verdict if they did not speak the truth by reason of their great interest in your verdict."

It has been held in a number of cases that where a defendant, in the trial of a criminal prosecution, testifies in his own behalf, it is error for the trial court to instruct the jury to scrutinize his testimony and to receive it with grains of allowance, because of his interest in the verdict, without adding that if they find the witness worthy of belief, they should give as full credit to his testimony as any other witness; notwithstanding his interest. *S. v. Graham,* 133 N. C., 645, 45 S. E., 514; *S. v. Lee,* 121 N. C., 544, 28 S. E., 552; *S. v. Collins,* 118 N. C., 1203, 24 S. E., 118; *S. v. Holloway,* 117 N. C., 730, 23 S. E., 168.

In *S. v. Lee, supra,* the rule is stated as follows: "The law regards with suspicion the testimony of near relations, interested parties, and those testifying in their own behalf. It is the province of the jury to consider and decide the weight due to such testimony, and, as a general rule in deciding on the credit of witnesses on both sides, they ought to look to the deportment of the witnesses, their capacity and opportunity

to testify in relation to the transaction, and the relation in which the witness stands to the party; that such evidence must be taken with some degree of allowance and should not be given the weight of the evidence of disinterested witnesses, but the rule does not reject or necessarily impeach it; and if, from the testimony, or from it and the other facts and circumstances in the case, the jury believe that such witnesses have sworn the truth, then they are entitled to as full credit as any other witness."

In *S. v. Byers,* 100 N. C., 512, 6 S. E., 420, where the defendant and his near relations went upon the stand as witnesses, the court directed the jury "to scrutinize their testimony carefully, because of their interest in the result, but, notwithstanding such interest, the jury might believe all they said, or part of it, or none of it, according to the conviction produced upon their minds of its truthfulness." This instruction was approved, as it contained a correct statement of the law. See, also, *S. v. Fogleman,* 164 N. C., 458, 79 S. E., 879; *Herndon v. R. R.,* 162 N. C., 317, 78 S. E., 287; *S. v. Barnhill,* 186 N. C., 446, 119 S. E., 894.

A careful examination of the charge in the instant case fails to disclose any qualification by the judge of the instruction, which the defendants assign as error. The Assistant Attorney-General concedes that the assignment is well made.

New trial.