## STATE v. WILBURN GRIGGS.

(Filed 12 June, 1929.)

**1. Appeal and Error E g—Record conclusive on appeal.**

On appeal the Supreme Court is bound by the record as it is sent up.

**2. Criminal Law I g—Instruction in this case held reversible error as expression of opinion by the court.**

An instruction upon a vital question at issue on the trial of an assault of a male person over eighteen years of age upon a female, C. S., 4215, which assumes the fact at issue is reversible error.

APPEAL by defendant from *Moore, J.,* at November Term, 1928, of CHEROKEE.

Criminal prosecution tried upon an indictment charging that the defendant did, on 5 November, 1928, with force and arms, assault, beat and wound one Annie Lee Davis, a female, the defendant being, at the time, a male person over eighteen years of age. C. S., 4215.

This is a companion case to *S. v. Baxter Stansberry, ante,* 350, as the two cases grow out of the same general surroundings, though there is more evidence of an assault in the present case than in the other one.

Here, the prosecuting witness testified that the defendant caught her around the waist, called her "little blue eyes," and carried her down the hill thirty or forty feet. This was denied in *toto* by the defendant, who said that he was on his way with Forest Abernathy to look at a house, which Abernathy's father had purchased, and to lock it up, when they met the girls on the way to the spring.

The following excerpt, taken from the charge, constitutes one of the defendant's exceptive assignments of error:

"There is no evidence anywhere, gentlemen, that they went on to the house to look at it or to lock it up, but they stopped near the spring, and then these girls came along and they all got to talking there, but none of the other cases are before you now, gentlemen, but the defendant Griggs who took the little girl off as I have described to you into the woods." Exception No. 2.

HAMILTON *v.* HENDERSON.

Verdict: "Guilty of the charge as to Wilburn Griggs."
Judgment: Two years on the roads.
Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash
for the State.*
*J. D. Mallonee and Moody & Moody for defendant.*

STACY, C. J. It would appear that the instruction which constitutes
the defendant's second exceptive assignment of error, above set out,
contains an inadvertent expression of opinion, prohibited by C. S., 564,
to the effect that the defendant had taken the little girl off into the
woods, when this was the crucial point in the case and strongly denied
by the defendant. *S. v. Hart,* 186 N. C., 582, 120 S. E., 345; *Speed v.
Perry,* 167 N. C., 122, 83 S. E., 176. The error is just one of those
casualties which, now and then, befalls the most circumspect in the trial
of causes on the circuit. *S. v. Allen,* 190 N. C., 498, 130 S. E., 163; *S.
v. Kline,* 190 N. C., 177, 129 S. E., 417. Indeed, the case on appeal was
not settled by the judge, and it is possible that the charge, as reported, is
not as given, but we are bound by the record. *S. v. Harbert,* 185 N. C.,
760, 118 S. E., 6; *S. v. Wheeler,* 185 N. C., 670, 116 S. E., 413; *Cogdill
v. Hardwood Co.,* 194 N. C., 745, 140 S. E., 732.

For the error as indicated, a new trial must be awarded, and it is so
ordered.

New trial.