STATE v. NEAL SINODIS.

(Filed 10 January, 1934.)

**Perjury B c—Evidence held insufficient to be submitted to jury in this prosecution for perjury.**

In a prosecution for perjury, conflict in the testimony of defendant and the prosecuting witness which is subject to explanation, with no direct testimony that defendant swore falsely at the time alleged in the bill of indictment, is insufficient to be submitted to the jury.

APPEAL by defendant from *Shaw, Emergency Judge,* at June Special Term, 1933, of GUILFORD.

Criminal prosecution tried upon indictment in which it is charged that on 4 January, 1933, the defendant did wilfully and feloniously commit perjury upon the trial of an action before A. H. Trotter, justice of the peace, wherein Sam Vail, trading as Davis Electric Company, was plaintiff, and Neal Sinodis was defendant, by falsely asserting on oath (1) that he had made no contract for electrical installations in the La Belle Soda Shop, (2) that he did not know the said Sam Vail, and (3) that he had no connection with and did not own the La Belle Soda Shop, knowing that said statements were material to the issue and false.

The civil action before the justice of the peace was to recover $25.00 for electrical work done in the La Belle Soda Shop. The defendant testified before the justice of the peace, and repeated his testimony on the present trial, that he made no contract with Sam Vail for installing electrical equipment in the La Belle Soda Shop; that he did not know Sam Vail at that time; and that he did not own the La Belle Soda Shop—the only interest he had in it was, that he wanted his brother-in-law, who operated it with another, "to do good," or to make a success of the enterprise.

Demurrer to the evidence overruled; exception.

Verdict: Guilty.

Prayer for judgment continued from June to July Term, "upon payment of $25.00 to the use of Sam Vail and payment of costs." Costs, $165.00 (including $25.00 to Sam Vail), paid at June Term.

Judgment at July Term: Imprisonment in the State's prison for a period of six months to be assigned to work under the State Highway Public Works Commission as provided by law.

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Gold, McAnally & Gold for defendant.*

STACY, C. J. The evidence appearing on the record is not sufficient to carry the case to the jury on the issue of perjury. *S. v. Hawkins,* 115 N. C., 712, 20 S. E., 623. It is true, the testimony of Sam Vail may inferentially be in conflict with that of the defendant, but he does not say the defendant testified falsely before the justice of the peace. This is not enough on an indictment for perjury. *S. v. Gates,* 107 N. C., 832, 12 S. E., 319; *S. v. Peters,* 107 N. C., 876, 12 S. E., 74; 21 R. C. L., 259.

After losing his case before the justice of the peace and without appealing, Vail testifies: "I indicted him (the defendant) before one magistrate and the magistrate dismissed the case. Then I indicted him before a second magistrate for perjury, as my lawyer told me to do it, and it was dismissed, and then I went down to the city hall to get a warrant."

When it is considered that the defendant expresses himself stumblingly in English, and that the plaintiff in the civil action was doing business under a trade name which did not disclose his identity, the testimony of the defendant seems readily explainable.

Reversed.