STATE v. WILLIAM (BUNK) DEAL.

(Filed 12 December, 1934.)

**1. Indictment C c—**

Where some of the witnesses examined by the grand jury are competent but one of them is incompetent to testify, a motion to quash the bill for that the incompetent witness was allowed to testify is properly refused.

**2. Homicide G c—**

Testimony tending to show that deceased was found mortally wounded and in eminent danger of death, and that he fully realized his condition, lays a proper predicate for the admission of deceased's dying declaration.

**3. Criminal Law G j—**

An instruction that the jury should carefully scrutinize the testimony of defendant in a criminal prosecution, but that if, having done so, the jury is satisfied defendant is telling the truth, to give his testimony as much credibility as a disinterested witness, *is held* without error.

**4. Criminal Law J a—**

Judgment in a criminal prosecution is subject to arrest, on motion duly made, when, and only when, some fatal defect or error appears on the face of the record.

APPEAL by defendant from *Cranmer, J.,* at January Term, 1934, of ROBESON.

Criminal prosecution, tried upon indictment charging the defendant with the murder of one Lewis Chavis.

The record discloses that on the night of 23 December, 1933, the defendant shot and killed Lewis Chavis as he was approaching his home in Robeson County, having first armed himself and made preparations for the shooting.

J. H. Godfrey, rural policeman, arrived upon the scene soon after the shooting: "When I got there and found Lewis Chavis lying on the ground about four or five feet from the steps, he called to me and said could I get him a doctor. I told him that I had one coming, and he

said, 'If he don't get here pretty quick, I am going to die. I am shot to death.' He told me that Bunk Deal shot him. He said he had just started to get out of the car when Bunk Deal walked out of the door at the end of the porch and shot him. After he told me that, I asked him where Bunk was, and he said, 'I can't tell you, Chief.' "

The defendant interposed a plea of self-defense, and offered evidence tending to show a quarrel and threats on the part of the deceased.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*F. D. Hackett, Jr., for defendant.*

STACY, C. J. The defendant's first exception is to the refusal of the court to quash the bill of indictment on the ground that his wife was examined as a witness before the grand jury. It likewise appears that five other witnesses were examined by the grand jury.

Speaking to the question in *S. v. Moore,* 204 N. C., 545, 168 S. E., 842, *Connor, J.,* delivering the opinion of the Court, epitomized the law on the subject as follows:

"It is well settled as the law of this State that when a bill of indictment has been returned by the grand jury as a true bill, upon testimony all of which was incompetent, or upon the testimony of witnesses all of whom were disqualified by statute or by some well-settled principle of law in force in this State, the indictment will be quashed on the motion of the defendant made in apt time; but when some of the testimony was competent and some incompetent, or some of the witnesses heard by the grand jury were qualified and some disqualified, the Court will not go into the barren inquiry of how far testimony which was incompetent or witnesses who were disqualified contributed to the finding of the bill of indictment as a true bill. *S. v. Levy,* 200 N. C., 586, 158 S. E., 94; *S. v. Mitchem,* 188 N. C., 608, 125 S. E., 190; *S. v. Coates,* 130 N. C., 701, 41 S. E., 706. This is the general rule in other jurisdictions. 31 C. J., 808, and cases cited."

The dying declaration of the deceased was correctly admitted in evidence, proper predicate having been laid for its introduction. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Layton,* 204 N. C., 704, 169 S. E., 650; *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387.

With respect to the testimony of the defendant, the court instructed the jury as follows: "Now it is your duty, gentlemen, to take his testimony with a degree of allowance and to carefully and closely scrutinize it and scan it because of his interest in your verdict. If, after having

done so, you are satisfied he is telling the truth, it would then be your duty to give his testimony as much credibility as you give the testimony of a disinterested witness." Exception.

The decisions in *S. v. Beavers,* 188 N. C., 595, 125 S. E., 258, and *S. v. Fogleman,* 164 N. C., 458, 79 S. E., 879, are in support of this instruction. See, also, *S. v. Beal, supra,* and cases there cited. The cases cited and relied upon by the defendant, *S. v. Wilcox,* 206 N. C., 691, and *S. v. Ray,* 195 N. C., 619, 143 S. E., 143, are not apposite.

It is not perceived upon what theory error may be imputed for refusal to arrest the judgment. A judgment in a criminal prosecution is subject to arrest, on motion duly made, when, and only when, some fatal defect or error appears on the face of the record. *S. v. Satterfield, ante,* 118, and cases cited.

We have found no reversible error on the record. Hence, the verdict and judgment will be upheld.

No error.