STATE v. FRANK T. RHINEHART.

(Filed 22 January, 1936.)

1. **Criminal Law I g—Instruction in this case held erroneous as containing expression of opinion by the court.**

The instruction of the trial court to the jury in this case *is held* for error as conveying an expression of opinion by the court in violation of C. S., 564, in that the instruction paramounted the character and disinterestedness of the State's witnesses and singled out for special consideration and emphasis testimony of some of the State's witnesses, and at the same time called attention to the unreasonableness of the defend-

ant's testimony, its want of adminiculation, the improbability of defendant's evidence, and the proneness of parties and interested witnesses to swear falsely.

**2. Same—Court may not convey expression of opinion to jury as to weight or credibility of the evidence, directly or indirectly.**

Under C. S., 564, it is the duty of the trial court to state in his charge in plain and correct manner the evidence given in the case, and declare and explain the law arising thereon, and the court may not express an opinion as to the facts, the weight of the evidence, or the credibility of the witnesses, directly or indirectly, by manner, undue emphasis, arrangement and form of presentation of the evidence, or by the general tenor and tone of the trial.

**3. Criminal Law G j—**

The instruction of the court in regard to the testimony of defendant in his own behalf *held* not in the usually approved form.

**4. Perjury B b—**

In prosecutions for perjury it is required that the falsity of the oath be established by two witnesses, or by one witness and adminicular circumstances sufficient to turn the scales against the defendant's oath.

DEVIN, J., took no part in the consideration or decision of this case.

CLARKSON, J., dissenting.

APPEAL by defendant from *Rousseau, J.,* at May Term, 1935, of JACKSON.

Criminal prosecution, tried upon indictment in which it is alleged that the defendant did, on 19 February, 1934, feloniously commit perjury upon the trial of an action in a court of a justice of the peace of Jackson County, wherein the State of North Carolina was plaintiff and Alley Turpin, Warfield Turpin, and Dock Turpin were defendants, by falsely asserting on oath that the said Turpins did forcibly and fraudulently kidnap, torture, and mistreat the said Frank T. Rhinehart, etc. The bill conforms to the provisions of C. S., 4615.

There was evidence by the State in support of the indictment, and by the defendant in denial. The witnesses clashed sharply. It is in evidence that the charge of kidnaping grew out of an old feud between the Rhineharts and the Turpins. There is likewise evidence to the contrary. The proceeding was dismissed by the justice of the peace for want of probable cause.

The defendant excepted to the general tone of the court's charge to the jury—its strong summation of the State's case—to the singling out of the testimony of some of the witnesses for special consideration, and particularly to the following portions:

1. "The State contends . . . that you would have to dispute (disbelieve) all the evidence of these men who are disinterested, men like

Sheriff Mason, ex-Sheriff Maney, the mayor of Waynesville, Deputy Sheriff Welch, and various other witnesses who have no interest in this matter, . . . that the prosecuting witnesses are interested, and that may have an influence on them to swear falsely and tell a lie while on the stand, . . . but that these other witnesses would not come here for the Turpins or anyone else and testify that they saw Dock, Warfield, and Alley Turpin at their home if it had not been true." Exception.

2. "The State contends that if he (Rhinehart) had been hurt like he said, the doctor they called would have been here to show those injuries, and that he wasn't here." Exception.

3. "The State contends you ought . . . not to believe the defendant's evidence for the reason it is unreasonable, . . . that it is all imagination on his part." Exception.

4. "The court instructs you, furthermore, that the defendant Rhinehart is an interested party, . . . it will be your duty under the circumstances to scrutinize his evidence and weigh his evidence cautiously, but after you do scrutinize his testimony, if you believe he has told the truth, then you have the same right to believe him as you would any other witness who went on the stand." Exception.

Verdict: "Guilty as charged in the bill of indictment."

Judgment: Imprisonment in the State's Prison for a period of not less than 18 nor more than 30 months.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

*Monteith & Nicholson and Moody & Moody for defendant.*

STACY, C. J. It would seem that by paramounting the character and disinterestedness of the State's witnesses, and at the same time calling attention to the unreasonableness of the defendant's testimony, its want of adminiculation, and the proneness of parties and interested witnesses to swear falsely, the trial court inadvertently conveyed to the jury an expression of opinion prohibited by C. S., 564. *S. v. Hart,* 186 N. C., 582, 120 S. E., 345. The error is just one of those casualties which, now and then, befalls the most circumspect in the trial of causes on the circuit. *S. v. Griggs,* 197 N. C., 352, 148 S. E., 547; *S. v. Kline,* 190 N. C., 177, 129 S. E., 417. Indeed, the case is before us on defendant's statement, the same having become the statement of case on appeal by operation of law. *S. v. Ray,* 206 N. C., 736, 175 S. E., 109.

It is provided by the statute, however, that no judge in giving a charge to the jury, either in a civil or a criminal action, shall give an opinion whether a fact is fully or sufficiently established, that being the true

office and province of the jury; but he shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon.

This statute has been interpreted by us to mean that no judge, in charging the jury or at any time during the trial, shall intimate whether a fact is fully or sufficiently proved, it being the true office and province of the jury to weigh the testimony and to decide upon its adequacy to establish any issuable fact. It is the duty of the judge, under the provisions of the statute, to state in a plain and correct manner the evidence given in the case and to declare and explain the law arising thereon, without expressing any opinion upon the facts. *Morris v. Kramer,* 182 N. C., 87, 108 S. E., 381; *S. v. Cook,* 162 N. C., 586, 77 S. E., 759; *Park v. Exum,* 156 N. C., p. 231, 72 S. E., 309. "There must be no indication of the judge's opinion upon the facts, to the hurt of either party, either directly or indirectly, by words or conduct." *Bank v. McArthur,* 168 N. C., p. 52, 84 S. E., 39. And in *S. v. Ownby,* 146 N. C., p. 678, 61 S. E., 630, it was said: "The slightest intimation from a judge as to the strength of the evidence, or as to the credibility of a witness, will always have great weight with a jury and, therefore, we must be careful to see that neither party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial."

The judge may indicate to a jury what impression the testimony or evidence has made on his mind, or what deductions he thinks should be made therefrom, without expressly stating his opinion in so many words. This may be done by his manner or peculiar emphasis or by his so arraying and presenting the evidence as to give to one of the parties an undue advantage over the other; or, again, the same result may follow the use of language, or form of expression calculated to impair the credit which might otherwise and under normal conditions be given by the jury to the testimony of one of the parties. *Speed v. Perry,* 167 N. C., 122, 83 S. E., 176; *S. v. Dancy,* 78 N. C., 437. It can make no difference in what way or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, or by the general tone and tenor of the trial. The statute forbids an intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury. "Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge' and the equally unbiased mind of a properly instructed jury." *Withers v. Lane,* 144 N. C., p. 192, 56 S. E., 855.

It is also suggested as objectionable that the testimony of some of the State's witnesses was singled out for special consideration and emphasis, while attention was directed to the improbability of defendant's evidence, and the jury cautioned to scrutinize the latter, "but after you do scruti-

nize his testimony, if you believe he has told the truth, you have the same right to believe him as you would any other witness who went on the stand." It would seem that the objection is well taken in the light of what was said in the following cases: *S. v. Horne,* 171 N. C., 787, 88 S. E., 433; *S. v. Rogers,* 93 N. C., 523; *S. v. Weathers,* 98 N. C., 685, 4 S. E., 512; *S. v. Rollins,* 113 N. C., 722, 18 S. E., 394; *S. v. Bailey,* 60 N. C., 141; *Starling v. Cotton Mills,* 171 N. C., 222, 88 S. E., 242; *Bowman v. Trust Co.,* 170 N. C., 301, 87 S. E., 46; *Withers v. Lane,* 144 N. C., 184, 56 S. E., 855; *Cogdell v. R. R.,* 129 N. C., 398, 40 S. E., 202.

Nor is the caution to scrutinize the defendant's testimony in the usually approved form. The rule was stated in *S. v. Lee,* 121 N. C., 544, 28 S. E., 552, as follows: "The law regards with suspicion the testimony of near relations, interested parties, and those testifying in their own behalf. It is the province of the jury to consider and decide the weight due to such testimony, and, as a general rule in deciding on the credit of witnesses on both sides, they ought to look to the deportment of the witnesses, their capacity and opportunity to testify in relation to the transaction, and the relation in which the witness stands to the party; that such evidence must be taken with some degree of allowance and should not be given the weight of the evidence of disinterested witnesses, but the rule does not reject or necessarily impeach it; and if, from the testimony, or from it and the other facts and circumstances in the case, the jury believe that such witnesses have sworn the truth, then they are entitled to as full credit as any other witness." *S. v. Deal,* 207 N. C., 448, 177 S. E., 332; *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Ray,* 195 N. C., 619, 143 S. E., 143; *S. v. Beavers,* 188 N. C., 595, 125 S. E., 258; *S. v. Wilcox,* 206 N. C., 691, 175 S. E., 122.

In prosecutions for perjury, it is required that the falsity of the oath be established by two witnesses, or by one witness and adminicular circumstances sufficient to turn the scales against the defendant's oath. *S. v. Hawkins,* 115 N. C., 712, 20 S. E., 623; *S. v. Peters,* 107 N. C., 876, 12 S. E., 74; *S. v. Sinodis,* 205 N. C., 602, 172 S. E., 190.

New trial.

DEVIN, J., took no part in the consideration or decision of this case.

CLARKSON, J., dissenting: The record in this case contains some 144 pages and the court below took a long time in trying the action. The charge of the court is 22 pages. In substance, his Honor set forth what the witnesses testified to, both for the State and the defendant. He defined accurately what constituted the crime of perjury and what evidence sufficient to convict. He then gave the contentions of the State

and defendant fully and in detail. He also charged the burden was on the State as to reasonable doubt.

The main opinion gives a new trial solely on exceptions to the charge. By an examination of the charge, no exceptions have been taken to the charge in accordance with the long established rule of this Court. Then, again, if the exceptions were properly taken they were to contentions and the defendant nowhere in the charge objected to the same. *S. v. Sinodis,* 189 N. C., 565. In regard to scrutinizing the testimony of defendant, if the charge is taken as a whole the extract complained of, if error, was not prejudicial or reversible error, as the rule was substantially complied with.

This matter has been thoroughly considered in *Rawls v. Lupton,* 193 N. C., 428, citing a wealth of authorities and the method of exceptions and assignments of error set forth so as the profession can follow same. Speaking to the subject, on p. 431, it is said:

"Under C. S., 643, *supra,* and the decisions of this Court, the appellant must make 'specific' exceptions to the charge of the court below, stating separately in articles numbered the errors alleged.

"For example: Suppose the court below instructed or charged the jury as follows: ('The principle is well established that not only is a person who offers or attempts by violence to injure the person of another guilty of an assault, but no one, by the show of violence, has the right to put another in fear and thereby force him to leave a place where he has the right to be.') To the foregoing charge in parentheses, or quotation, as the case may be, the plaintiff or defendant, as the case may be, excepted.

"Exception No. 1.

"Battery is ('Any unlawful beating, or other wrongful physical violence or constraint, inflicted on a human being without his consent.') To the foregoing charge in parentheses, or quotation, plaintiff, or defendant, as the case may be, excepted.

"Exception No. 2.

"('The actual offer to use force to the injury of another is assault; the use of it is battery; hence, the two terms are commonly combined in the term "assault and battery."') To the foregoing charge in parentheses, or quotation, the plaintiff, or defendant, as the case may be, excepted.

"Exception No. 3.

"Of course, it goes without saying that the appellant shall also set out in the assignments of error any exceptions taken during the trial in apt time to the admission or exclusion of testimony, or to rulings of the court on other matters. Those exceptions relating to the exclusion or admission of testimony, when brought forward into the assignments of error, shall reiterate, verbatim, such testimony. Exceptions to the charge can, if desired, be lettered a, b, c, etc."

By reading the entire charge in this case, it can be seen the wisdom of the rule for taking the charge conjunctive and not disjunctive, there is no error that defendant can complain of. *Rawls v. Lupton, supra,* has been approved in *Chamberlain v. Sou. Dyeing Co.,* 193 N. C., 850; *State v. Ashe,* 196 N. C., 387 (391); *Murphy v. Power Co.,* 196 N. C., 484 (493); *Gibbs v. Tel. Co.,* 196 N. C., 517 (523); *Clark v. Laurel Park Estates,* 196 N. C., 624 (633); *Pruitt v. Wood,* 199 N. C., 788 (791); *Roberts v. Davis,* 200 N. C., 424 (426); *Miller v. Bottling Co.,* 204 N. C., 608 (609); *Lynn v. Silk Mills,* 208 N. C., 7 (13).

In *Clark v. Laurel Park Estates, supra,* at p. 633, we find: "The exceptions to the charge should be made as pointed out in *Rawls v. Lupton,* 193 N. C., p. 428, at p. 432. It is there said: 'Continuity of the charge is necessary with the "specific" exceptions. Anything else is unfair to the trial judge—to have his charge cut up in piecemeal and disconnected.' "

For the reasons stated, I think in the judgment of the court below there is no error.