STATE v. CLARSIA STIWINTER and LEONARD WOOD.

(Filed 24 February, 1937.)

**1. Fornication and Adultery § 4—**

In this prosecution for fornication and adultery, the evidence, though largely circumstantial, *is held* sufficient to be submitted to the jury.

**2. Criminal Law § 77d—**

The record duly certified imports verity, and the Supreme Court is bound thereby. C. S., 643.

**3. Criminal Law § 32a—**

Although circumstantial evidence is a recognized instrumentality for the ascertainment of truth, where it is relied on for a conviction it must establish defendant's guilt to a moral certainty, and exclude every other reasonable hypothesis, and the instruction in this case on the question *is held* for error.

APPEAL by defendants from *Harding, J.,* at August Term, 1936, of MACON.

Criminal prosecution tried upon indictment charging the defendants with fornication and adultery.

Verdict: Guilty.

Judgment: Imprisonment for one year as to each defendant.

The defendants appeal, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*George B. Patton and J. N. Moody for defendants.*

STACY, C. J.   Without undertaking to state the facts, which are largely circumstantial in character, it is enough to say the evidence offered by the prosecution is of sufficient probative value or force to sustain a conviction.   The defendants did not testify.

Speaking to the effect of circumstantial evidence, the court instructed the jury that "the law does not require the State to offer evidence of facts which if established beyond a reasonable doubt will allow the jury to infer the act of intercourse."   We are constrained to believe that this instruction has been erroneously reported, but it is here in a record duly certified, C. S., 643, which imports verity, and we are bound by it. *S. v. Brown,* 207 N. C., 156, 176 S. E., 260; *S. v. Lumber Co., ibid.,* 47, 175 S. E., 713; *S. v. Wheeler,* 185 N. C., 670, 116 S. E., 413.

Even though a *lapsus linguæ,* it constitutes one of the casualties which, now and then, befalls the most circumspect in the trial of causes on the circuit.   *S. v. Rhinehart,* 209 N. C., 150, 183 S. E., 388; *S. v. Griggs,* 197 N. C., 352, 148 S. E., 547; *S. v. Kline,* 190 N. C., 177, 129 S. E., 417.

Again, speaking to the value of circumstantial evidence, the court instructed the jury: "I have heard gentlemen of high character say they would not convict anybody on circumstantial evidence. . . . I reckon they are honest about it, but that sort of man is not a competent juror, . . . and if there is any one on the jury in this case who thinks that way, let me know and I will withdraw a juror and order a mistrial." The Attorney-General concedes that this expression is somewhat graphic and that the learned judge was perhaps warmer in his appreciation of circumstantial evidence than the case warranted at that stage of the trial.   *S. v. Horne,* 171 N. C., 787, 88 S. E., 433.   It is true that circumstantial evidence is not only a recognized and accepted instrumentality in the ascertainment of truth, but also in many instances, quite essential to its establishment.   *S. v. Coffey,* 210 N. C., 561, 187 S. E., 754; *S. v. McLeod,* 198 N. C., 649, 152 S. E., 895; *S. v. Plyler,* 153 N. C., 630, 69 S. E., 269.   However, the rule is, that when the State relies upon circumstantial evidence for a conviction, the circumstances and evidence must be such as to produce in the minds of the jurors a moral certainty of the defendant's guilt, and exclude any other reasonable hypothesis.   *S. v. Newton,* 207 N. C., 323, 177 S. E., 184; *S. v. McLeod, supra; S. v. Melton,* 187 N. C., 481, 122 S. E., 17; *S. v. Wilcox,* 132 N. C., 1120, 44 S. E., 625; *S. v. Goodson,* 107 N. C., 798, 12 S. E., 329; *S. v. Brackville,* 106 N. C., 701, 11 S. E., 284; *Rippey v. Miller,* 46 N. C., 479; 23 C. J., 49; 8 R. C. L., 225.   See *S. v. Matthews,* 66 N. C., 106.

For the error as indicated, a new trial must be awarded.   It is so ordered.

New trial.