Nash, J.
 

 We perceive nothing in the manner in which the jury was formed, or in the charge of the presiding Judge, to induce us to disturb the verdict in this case. The error alleged as to the former consists, as we are told, in the fact, that, after failing to procure the jury from the original pannel, the Court directed the names of thirty-six of the tales jurors to be put into the box, instead of ordering the whole to be deposited together, as it was the right of the prisoner to have an opportunity
 
 *37
 
 of having all the tales tendered to him. If it be true, that, upon the failure to procure a jury from the original
 
 venire,
 
 the prisoner had a right to have tendered to him ■the whole of the special
 
 venire,
 
 and that upon his demand it would have been erroneous to refuse it, (a point we do not decide,) yet here there has been no error, because he did not demand it, and he was notin fact deprived of any right belonging to him. The jury was not formed out of the thirty-six names first deposited in the box, but, after that pannel was exhausted, the names of all the remainder of the tales jurors were deposited and drawn from. So that in fact, he had an opportunity of having all the jurors tendered to him, and it was precisely the same as if the names of all the jurors had been put into the box at the same time.
 
 State
 
 v.
 
 Lytle, 5
 
 Ired. 61.
 

 The presiding Judge was fully sustained in his charge, as to the evidence of the mother of the prisoner by the case of
 
 Ellington,
 
 7th Ired. 61. The charge in the latter case, was, in principle, what it is here, and the reasons are there so fully stated, that it is sufficient to refer to it.
 

 We have looked carefully into the record, and are unable to perceive in it any reason for which the judgment should be arrested.
 

 The opinion will be certified to the Superior Court of Montgomery County,
 

 Per Curiam, Ordered to be certified accordingly.