STATE v. J. F. HOLLOWAY, et al.

*Indictment for Malicious Trespass—Evidence—Interested Witness.*

Where, on a trial of an indictment, the defendants testified in their own behalf, it was error in the trial judge to instruct the jury that they had "the right to scrutinize closely the testimony of the defendant and receive it with grains of allowance on account of their interest in the event of the action" without adding that, if they believed the witnesses to be credible, then they should give to their testimony the same weight as other evidence of other witnesses.

INDICTMENT for malicious trespass, tried before *Green, J.,* at Spring Term, 1895, of ORANGE Superior Court.

The indictment was as follows:

"The jurors, for the State, upon their oaths present that J. Frank Holloway and Bill Gilbert, late of the county of Orange, on the 1st day of February, A. D. 1895, with force and arms, at and in the county aforesaid, unlawfully and willfully did enter upon the lands of one J. J. Carden,

there situated, they, the said J. Frank Holloway and Bill Gilbert, not being then and there the owner or owners, nor the *bona fide* claimant or claimants, thereof, and did then and there, with a felonious intent, unlawfully, willfully, and feloniously carry off from the said lands 70 cedar fence posts, of the value of $20, the property of the said J. J. Carden, the same having been before erected, set up, planted, and fixed in the ground, and then and there standing on said lands as fence posts, to the great damage of the said J. J. Carden, contrary to the form of the statute," etc. "Second Count. And the jurors aforesaid, upon their oaths aforesaid, do further present that J. Frank Holloway and Bill Gilbert, on the 1st day of February, 1895, with force and arms, at and in the county of Orange, unlawfully and willfully, in and upon the lands of one J. J. Carden, situated in the county aforesaid, and in the possession of said J. J. Carden, the said J. F. Holloway and Bill Gilbert not being then and there the owner or owners, nor the *bona fide* claimant or claimants, thereof, and in and upon which they had no legal right of entry, did enter, and 70 cedar fence posts, of the value of $20, the property of the said J. J. Carden, then and therebefore erected, set up, provided, planted, and fixed in the ground on said land, and then and there standing and being on said land, unlawfully, willfully, maliciously, mischievously, and with malice towards its owner, did pull down, take, carry off, demolish, destroy, and burn, and thereby they, the said J. Frank Holloway and Bill Gilbert, then and there did maliciously commit great damage, injury, and spoil upon the said land, to the great damage of the same, and of him, the said J. J. Carden, contrary," etc.

The defendants were convicted and appealed assigning various errors, the principal one being that stated in the opinion of Chief Justice FAIRCLOTH.

*The Attorney General* and *Messrs. Boone, Merritt & Bryant,* for the State.

*Messrs. Frank Nash* and *P. C. Graham,* for defendants (appellants).

FAIRCLOTH, C. J.: On the trial, the defendant Holloway was introduced in his own behalf as a witness, and testified. In his charge, his Honor told the jury "they had a right to scrutinize closely the testimony of the defendants, and receive it with grains of allowance, on account of their interest in the event of the action." To this the defendants excepted as error, and we think the exception is well taken. This charge is capable of misleading the jury into the impression or belief that the evidence of interested parties is to be to some extent discredited, although the jury may think the witness is honest and has told the truth. His Honor should have gone further and explained to the jury, after having properly called their attention to the interested relation of the witness, that, if they believed the witness to be credible, then they should give to his testimony the same weight as other evidence of other witnesses.

As further expressive of our opinion, we will copy the charge given and approved by this Court in *State* v. *Boon,* 82 N. C., 637. "That such evidence [of relation] must be taken with some degree of allowance, and the jury should not give it the same weight as that of disinterested witnesses, but the rule which regards it with suspicion does not reject it or necessarily impeach it; and if, from the testimony, or from it and the other facts and circumstances in the case, the jury believe that such near relations have

sworn the truth, then they are entitled to as full credit as any other witnesses." See, also, the approved charge in *State* v. *Byers*, 100 N. C., 518, and the cases there cited. There were other questions argued before us but as we must order a new trial, we will not enter into them except to say we think the second count in the indictment is sufficient under *Code*, Section 1070.