STATE v. U. M. COLLINS.

*Witnesses—Husband and Wife—Testimony—Instructions.*

On the trial of a criminal action against a husband, in which he and his wife were witnesses on his behalf, it was error to instruct the jury that, because of such relationship and the witnesses' interest in the result of the action, the jury should carefully scrutinize the testimony and receive it with grains of allowance, without adding that, if the jury believed the testimony of the witnesses, they were entitled to full credit, notwithstanding their relationship and interest.

INDICTMENT FOR LARCENY, tried before *Graham, J.,* and a jury, at Fall Term, 1895, of ONSLOW Superior Court. The defendant was convicted and appealed.   The facts necessary to an understanding of the decision of the Court are set out in the opinion of Associate Justice MONTGOMERY.

·  *The Attorney General,* for the State.
*Mr. W. D. McIver,* for defendant (appellant).

MONTGOMERY, J.:   In the trial below the defendant and his wife were introduced as witnesses for himself.   In reference to the weight of their testimony, the court told the jury that it was their duty " to scrutinize carefully the evidence of the defendant and his wife, and on account of their interest in the event of the action should receive their testimony with grains of allowance."   The defendant entered an exception to this instruction, and we are of the opinion that the exception was well taken.   The language used was in effect a charge to the jury that, even though they might believe the witnesses to be honest and the testimony to be true, yet that somehow or other, the testimony was still suspicious and not entitled to their

full confidence. His Honor should have said to the jury, in addition, that if, after a careful scrutiny of their testimony because of their interest, they yet believed the same to be true, the witnesses would be entitled to as full credit as other witnesses. In *State* v. *Byers*, 100 N. C., 512, where the prisoner and his near relations went on the stand as witnesses, the court directed the jury " to scrutinize their testimony carefully because of their interest in the result; but notwithstanding such interest the jury might believe all they said, or part of it, or none of it, according to the conviction produced upon their minds of its truthfulness. This Court approved the charge. The same matter is discussed and decided in the same manner in *State* v. *Holloway*, 117 N. C., 730. Several other exceptions were taken to the charge, but as defendant is entitled to a new trial for the error already pointed out, and as the same questions may not arise on the next trial, we will not pass upon them.

New Trial.