### STATE v. HAYNES WILCOX.

(Filed 20 June, 1934.)

**Criminal Law G j—Weight and credibility to be given testimony of defendant testifying in own behalf.**

It is error for the trial court to instruct the jury to scrutinize the testimony of a defendant testifying in his own behalf in a criminal prosecution, without thereafter instructing them that if they find the witness worthy of belief they should give as full credit to his testimony as any other witness, notwithstanding his interest.

SCHENCK, J., took no part in the consideration or decision of this case.

CRIMINAL ACTION, before *Sinclair, J.,* at November Term, 1933, of ROBESON.

The defendant was indicted for assaulting Mrs. Council Wilcox and Elbert Cox with a deadly weapon, "to wit, a shotgun and pistol, with intent to kill said Mrs. Council Wilcox and Elbert Cox and did inflict

serious injury," etc. The evidence tended to show that on the night of 16 October, 1932, the defendant and several others went to the house of his brother Council Wilcox. There were two women in the party and there was evidence that the visitors were drinking and proceeded to make the home a "rough house." Thereupon Council Wilcox ordered the party to "clear out." Out in the yard Council and his brother, the defendant, Haynes, according to the record, "knocked a lick or two with our fists." The evidence further tended to show that the defendant, Haynes Wilcox, left the premises and returned with a companion, all fully armed, and that they began to "shoot up" the house of Council Wilcox, wounding Mrs. Wilcox and another.

The defendant, as a witness for himself, denied that he did the shooting and there was sharp conflict in the evidence as to whether the shooting was done by the defendant. The defendant was convicted and sentenced to work on the roads for a period of eighteen months, and from such judgment he appealed.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*E. J. and L. J. Britt and McLean & Stacy for defendant.*

BROGDEN, J. The trial judge charged the jury as follows: "There is a law it is your duty to apply in this case as you do in all criminal cases. It is your duty to scrutinize the evidence of defendant before accepting his evidence as true. The reason for that is, the law is founded upon human experience and common sense. The law recognizes that human nature is weak and subject to temptations, and, therefore, the law presumes that when a man is being tried for crime he is laboring under the temptation to do whatever he thinks is necessary to clear himself. For that reason the law makes it your duty to scrutinize the evidence of defendant before accepting his testimony as true."

The defendant excepted to the foregoing instruction. Such exception is sustained upon authority of *S. v. Ray,* 195 N. C., 619, 143 S. E., 143. In that case the Court said: "It has been held in a number of cases that where a defendant, in the trial of a criminal prosecution, testifies in his own behalf, it is error for the trial court to instruct the jury to scrutinize his testimony and to receive it with grains of allowance, because of his interest in the verdict, without adding that if they find the witness worthy of belief they should give as full credit to his testimony as any other witness, notwithstanding his interest."

New trial.

SCHENCK, J., took no part in the consideration or decision of this case.