STATE v. A. H. DAVIS.

(Filed 22 January, 1936.)

**Criminal Law G j—Credibility of defendant testifying in his own behalf is a matter for the determination of the jury.**

The court should instruct the jury to examine the testimony of a defendant in his own behalf in order to ascertain whether it is influenced by his interest in their verdict, but that if they should find that his testimony as a witness has not been influenced by his interest, they should disregard the fact of his interest and give the testimony the same weight as that of a disinterested witness, and the charge of the court in this case to the effect that it was the jury's duty to scrutinize the testimony of defendant, which meant they should take into consideration defendant's interest in the verdict, but that the duty to scrutinize did not mean they should not believe his testimony, but that they should give it such credibility as they saw fit, *is held* in substantial accordance with the rule and not to constitute reversible error.

APPEAL by defendant from *Harris, J.,* at March Term, 1935, of ORANGE. No error.

The defendant A. H. Davis was charged with unlawfully causing the death of Mrs. W. W. Martin as the result of culpable negligence in the operation of an automobile on the public highway.

The evidence is not set out in the record, but it is admitted in the case on appeal that there was evidence offered in behalf of the State which tended to show that the defendant was operating his automobile carelessly and negligently; that such carelessness and negligence was culpable and such as to support criminal liability, and that there was evidence sufficient to support a verdict of guilty of manslaughter. The defendant admitted on cross-examination that he had been convicted of receiving stolen goods and had served a sentence of eighteen months therefor.

The defendant excepted to the following portion of the judge's charge: "When a defendant goes on the stand, gentlemen, it is your duty to scrutinize the testimony of the defendant. What I mean by that, gentlemen, by scrutinizing his testimony, you, the jury, should take into consideration the fact that this defendant is testifying in his own behalf. That does not mean that you can't believe what he says. You have a right to believe all he says, or part, or none, your only duty being to scrutinize it, to take into consideration that he is more interested in your verdict than anybody else, because it affects him most, and then give such credibility to his testimony as you see fit. I say that you have a right to believe it all, or part. Your only duty is to scrutinize that testimony as given by the defendant."

There was a verdict of guilty of manslaughter, and from judgment in accordance therewith defendant appealed.

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

*P. W. Glidewell and Graham & Sawyer for defendant.*

DEVIN, J. The defendant, being charged with involuntary manslaughter growing out of an automobile collision, went upon the stand and testified as a witness in his own behalf.

After a full and accurate charge to the jury covering the other phases of the case, the trial judge, referring to defendant's testimony on the stand, used this language (omitting immaterial words): "When a defendant goes on the stand it is your duty to scrutinize his testimony. What I mean by that is you should take into consideration the fact that he is testifying in his own behalf. That does not mean that you can't believe what he says. You have a right to believe all he says, a part, or none, your only duty being to scrutinize it, that is, to take into consideration that he is more interested in your verdict than anybody else, and then give such credibility to his testimony as you see fit. You have a right to believe it all or part. Your only duty is to scrutinize the testimony given by the defendant."

The defendant contends this language fails to conform to the rule laid down by this Court with respect to the consideration to be given by the jury to the testimony of interested witnesses. That is the only question presented by this appeal.

The latest utterance of this Court on the subject is found in *S. v. Wilcox,* 206 N. C., 694, wherein the following language of the trial judge was held to be objectionable: "It is your duty to scrutinize the evidence of defendant before accepting his evidence as true. . . . The law recognizes that human nature is weak and subject to temptation, and, therefore, the law presumes that when a man is being tried for crime he is laboring under the temptation to do whatever he thinks is necessary to clear himself. For that reason the law makes it your duty to scrutinize the evidence of the defendant before accepting his testimony as true."

In *S. v. Ray,* 195 N. C., 619, this language in the charge of the court below was held erroneous: "In examining their (defendants') testimony, the law requires you to scrutinize their testimony very carefully, examine it thoroughly and carefully because of their great interests in the result of your verdict, and the result it might have on your verdict if they did not speak the truth by reason of their interest in your verdict."

It is apparent that the language quoted in the cases cited differs materially from the charge of the court in the case at bar. Here the judge, in effect, instructed the jury that what he meant by the "duty to scrutinize" was that they should take into consideration the fact that the defendant was testifying in his own behalf; that that did not mean they could not believe all he said, a part, or none of it; that their only duty was to scrutinize it, that is, take into consideration his interest in the verdict and give such credibility to his testimony as they saw fit.

In S. v. Byers, 100 N. C., 512, the court instructed the jury that "where the prisoner and his relations went upon the stand the law directed the jury to scrutinize their testimony carefully, because of their interest in the result; that, however, notwithstanding such interest, the jury might believe all they said—or part of it—or none of it—according to the conviction produced upon their minds, of its truthfulness."

This instruction was approved by this Court as being sustained by the cases there cited, and is referred to in S. v. Ray, supra, as containing a correct statement of the law.

In S. v. Ray, supra, Chief Justice Stacy thus states the law: "It has been held in a number of cases that where a defendant, in the trial of a criminal prosecution, testifies in his own behalf, it is error for the trial court to instruct the jury to scrutinize his testimony and to receive it with grains of allowance, because of his interest in the verdict, without adding that if they find the witness worthy of belief, they should give as full credit to his testimony as any other witness, notwithstanding his interest." S. v. Graham, 133 N. C., 645; S. v. Lee, 121 N. C., 544; S. v. Collins, 118 N. C., 1203; S. v. Holloway, 117 N. C., 730.

The earliest case in which this question seems to have been raised was S. v. Ellington, 29 N. C., 61. There the mother and sister of the prisoner had testified for him. Their credibility was attacked on account of their interest. The presiding judge charged the jury "that it was their province to determine on it (their credibility), and that it was for them to say whether those witnesses had testified truly, notwithstanding their relation to the prisoner, or had yielded to that human infirmity to which we are liable, and had testified falsely in favor of their son and brother."

This instruction was approved, and Chief Justice Ruffin, speaking for the Court, says: "How far these witnesses adhered to their integrity or were drawn aside by interest, in other words, the degree in which the relation actually affected their veracity, was a question for the jury."

The rule seems to be well established in North Carolina that if the judge in charging the jury calls their attention to the fact that a witness is interested in the verdict, and directs them to examine his testimony in order to determine whether or not it has been influenced thereby, he should also instruct them that if upon such examination or scrutiny they find his testimony as a witness has not been influenced by his interest,

they should leave the fact of his interest out of their consideration and give to his testimony the weight of a disinterested or unbiased witness; that is, as unqualified and unaffected by interest; this to be taken into consideration together with all the other matters in evidence affecting his credibility.

While the charge of the court below on this point may not have been entirely free from criticism, we think it substantially complied with the rule laid down, and that the defendant has no just ground of complaint.

No error.