## STATE v. RAYMOND EDWARDS.

(Filed 28 April, 1937.)

**1. Criminal Law §§ 33, 41f—Defendant is entitled to have exculpatory as well as incriminating portions of confession considered by jury.**

Exculpatory matter contained in a confession of guilt introduced in evidence by the State should be given the same weight by the jury as incriminating portions of the confession, unless disproved or weakened by other evidence, since a confession must be considered as given, in its entirety, and the exculpatory statements do not constitute evidence by defendant in his own behalf, and an instruction that such statements should be scrutinized because of defendant's interest in the verdict, is error.

**2. Criminal Law § 41f—Credibility of testimony by defendant in his own behalf.**

It is error for the court to charge that defendant's testimony should be scrutinized and received with caution in view of defendant's interest in the verdict, without adding that if they find defendant worthy of belief, they should give as full credit to his testimony as any other witness, notwithstanding his interest.

**3. Homicide §§ 4c, 21—Evidence of drunkenness is competent on question of premeditation and deliberation.**

Evidence of defendant's drunken condition at the time of the homicide is competent on the question of premeditation and deliberation, since if defendant is too intoxicated to be capable of premeditation and deliberation he cannot be convicted of first degree murder, unless the deliberate purpose to kill was formed when sober, though executed when drunk.

APPEAL by defendant from *Finley, Emergency Judge,* at November Term, 1936, of GASTON.

Criminal prosecution, tried upon indictment charging the defendant with the murder of his wife, Fannie Edwards.

The deceased was killed on the night of 5 November, 1936. The evidence tending to connect the defendant with the homicide comes from a written confession in which the defendant says he killed his wife with an axe, but in the same confession he states and reiterates that he was drunk and did not know what he was doing. The defendant offered no evidence.

With respect to the statements in the confession tending to show that the defendant was drunk, the court in its charge said to the jury: "This is evidence offered by the defendant in his own behalf and the law says that you shall 'take it with a grain of salt.'" Exception.

And immediately following: "The State contends that there was no evidence to show that he was drunk that evening outside of the evidence of the defendant—evidence made in his own behalf. The law says that

you must take these statements with care and caution, because he is liable to testify to his own interest, . . . if a man's life is at stake." Exception.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Ernest R. Warren and Charles E. Hamilton, Jr., for defendant.*

STACY, C. J. In telling the jury that they should take the exculpatory part of defendant's confession "with a grain of salt," the learned judge was evidently under the impression that the defendant had testified in his own behalf. In this he was mistaken. The defendant did not go upon the witness stand. The confession was offered in evidence by the State, and upon the confession the prosecution grounded its case. *S. v. Cohoon,* 206 N. C., 388, 174 S. E., 91. The defendant was entitled to have the confession considered as given, in its entirety, with whatever views or theories it afforded. *S. v. Jones,* 79 N. C., 630; 1 R. C. L., 585.

In *Burnett v. People,* 204 Ill., 208, 68 A. S. R., 206, 66 L. R. A., 304, the following instruction was held to be a correct statement of the law: "The court instructs the jury that where a confession of the prisoner charged with a crime is offered in evidence, the whole of the confession so offered and testified to must be taken together, as well (as) that part which makes in favor of the accused as that part which makes against him; and if the part of the statement which is in favor of the defendant is not disproved by other testimony in the case, and is not improbable or untrue, considered in connection with all the other testimony of the case, then that part of the statement is entitled to as much consideration from the jury as the parts which make against the defendant."

Again, this original misapprehension seems to have led the court into another error. The jury was instructed to consider the "evidence of the defendant," meaning the exculpatory statements in the confession, "with care and caution because he is liable to testify to his own interest . . . if a man's life is at stake." It is conceded in the State's brief that, had the defendant testified in his own behalf, this instruction could hardly be said to meet the test laid down in *S. v. Ray,* 195 N. C., 619, 143 S. E., 143: ". . . where a defendant, in the trial of a criminal prosecution, testifies in his own behalf, it is error for the trial court to instruct the jury to scrutinize his testimony and to receive it with grains of allowance, because of his interest in the verdict, without adding that if they find the witness worthy of belief, they should give as full credit

to his testimony as any other witness, notwithstanding his interest," citing in support of the position, *S. v. Graham,* 133 N. C., 645, 45 S. E., 514; *S. v. Lee,* 121 N. C., 544, 28 S. E., 552; *S. v. Collins,* 118 N. C., 1203, 24 S. E., 118; *S. v. Holloway,* 117 N. C., 730, 23 S. E., 168, later quoted with approval in *S. v. Wilcox,* 206 N. C., 694, 175 S. E., 121.

Evidence of the defendant's drunken condition at the time of the homicide was competent to be considered by the jury on the question of premeditation and deliberation. *S. v. Ross,* 193 N. C., 25, 136 S. E., 193; *S. v. English,* 164 N. C., 497, 80 S. E., 72; *S. v. Allen,* 186 N. C., 302, 119 S. E., 504.

Speaking to the question in *S. v. Murphy,* 157 N. C., 614, *Hoke, J.,* delivering the opinion of the Court, said: "It is very generally understood that voluntary drunkenness is no legal excuse for crime, and the position has been held controlling in many causes in this State and on indictments for homicide, as in *S. v. Wilson,* 104 N. C., 868; *S. v. Potts,* 100 N. C., 457. The principle, however, is not allowed to prevail where, in addition to the overt act, it is required that a definite specific intent be established as an essential feature of the crime. In Clark's Criminal Law, p. 72, this limitation on the more general principle is thus succinctly stated: 'Where a specific intent is essential to constitute crime, the fact of intoxication may negative its existence.' Accordingly, since the statute dividing the crime of murder into two degrees and in cases where it becomes necessary, in order to convict an offender of murder in the first degree, to establish that the 'killing was deliberate and premeditated,' these terms contain, as an essential element of the crime of murder, 'a purpose to kill previously formed after weighing the matter' (*S. v. Banks,* 143 N. C., 658; *S. v. Dowden,* 118 N. C., 1148), a mental process, embodying a specific, definite intent, and if it is shown that an offender, charged with such crime, is so drunk that he is utterly unable to form or entertain this essential purpose he should not be convicted of the higher offense. It is said in some of the cases, and the statement has our unqualified approval, that the doctrine in question should be applied with great caution. It does not exist in reference to murder in the second degree nor as to manslaughter. Wharton on Homicide (3 Ed.), 810. It has been excluded in well considered decisions where the facts show that the purpose to kill was deliberately formed when sober, though it was executed when drunk, a position presented in *S. v. Kale,* 124 N. C., 816, and approved and recognized in *Arzman v. Indiana,* 123 Ind., 346, and it does not avail from the fact that an offender is, at the time, under the influence of intoxicants, unless, as heretofore stated, his mind is so affected that he is unable to form or entertain the specified purpose referred to."

For errors, as indicated, a new trial will be awarded.

New trial.