### STATE v. ELLIS DAVIS.

(Filed 14 April, 1943.)

**Criminal Law § 41i—**

> On the trial of a criminal action, an instruction to the effect that the jury should scrutinize the testimony of near relations of defendant, in the light of their interest in the verdict, was proper; but it was error to omit the qualifying instruction to the effect that, if after such scrutiny they believe such testimony, it should be given the same weight and credence as the testimony of any other witness.

APPEAL by defendant from *Dixon, Special Judge,* at October Term, 1942, of FRANKLIN.

The defendant was convicted of a felonious assault upon one Wheless with a deadly weapon, a pistol, with intent to kill, thereby inflicting serious injury not resulting in death, and from judgment of imprisonment predicated upon the verdict, appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Yarborough & Yarborough for defendant, appellant.*

SCHENCK, J. The State offered the testimony of Melvin Wheless to the effect that while he was standing near an automobile outside the filling station of the defendant, with his back toward the defendant, he

was shot twice by the defendant and was seriously wounded. The State also offered other evidence corroborative of the testimony of Wheless. While, on the other hand, the defendant and his wife testified that Melvin Wheless was inside the filling station of the defendant, and was advancing on the defendant with a knife, using profane and threatening language, and the defendant shot him in self-defense. The defendant likewise offered further corroborative evidence.

The court in its charge to the jury used the following language, which is assigned as error by the defendant: "The law regards with suspicion the testimony of near relations, other interested parties and those testifying in their own behalf. . . . The evidence of near relations, interested parties and those testifying in their own behalf must be taken with some degree of allowance." This instruction, which must have been understood by the jury as having reference to the testimony of the defendant's wife as a near relation or interested party, was given without any qualifying words to the effect that if upon scrutiny of such testimony, the jury believed it, then the jury should give it the same weight as the testimony of any other witness.

The instruction to the effect that the jury should scrutinize the testimony of near relations of the defendant in the light of their interest in the verdict was proper but it was error to omit the qualifying instruction to the effect that if after such scrutiny they believed such testimony it should be given the same weight and credence as the testimony of any other witness. This is in accord with a long line of our decisions, beginning with *S. v. Ellington,* 29 N. C., 61, and continuing through *S. v. Holland,* 216 N. C., 610, 6 S. E. (2d), 217.

In *S. v. Lee,* 121 N. C., 544, 28 S. E., 552, it is written: "We will again state the rule: The law regards with suspicion the testimony of near relations, interested parties, and those testifying in their own behalf. It is the province of the jury to consider and decide the weight due to such testimony, and, as a general rule in deciding on the credit of witnesses on both sides, they ought to look to the deportment of the witnesses, their capacity and opportunity to testify in relation to the transaction, and the relation in which the witness stands to the party; that such evidence must be taken with some degree of allowance and should not be given the weight of the evidence of disinterested witnesses, but the rule does not reject or necessarily impeach it; and if, from the testimony, or from it and the other facts and circumstances in the case, the jury believe that such witnesses have sworn the truth, then they are entitled to as full credit as any other witness. The omission in his Honor's charge, tested by this rule, was liable to mislead the jury into the impression or belief that the evidence of the wife is to be to some extent discredited, although the jury may think she is honest and has

told the truth. *S. v. Nash,* 30 N. C., 35; *S. v. Boon,* 82 N. C., 637; *S. v. Holloway,* 117 N. C., 730; *S. v. Collins,* 118 N. C., 1203. We must therefore order a New trial."

The first syllabus of *S. v. Collins,* 118 N. C., 1203, 24 S. E., 118, properly interprets the opinion and is a clear statement of the rule as it has existed with us from the early decisions of this Court. It reads: "On the trial of a criminal action against a husband, in which he and his wife were witnesses on his behalf, it was error to instruct the jury that, because of such relationship and the witnesses' interest in the result of the action, the jury should carefully scrutinize the testimony and receive it with grains of allowance, without adding that, if the jury believed the testimony of the witnesses, they were entitled to full credit, notwithstanding their relationship and interest."

We do not concur in the argument advanced by the Attorney-General that certain qualifying words used in the charge as to the testimony of the defendant himself, likewise referred to the testimony of the defendant's wife. The words used were: "But the rule does not reject or necessarily impeach such evidence and in this connection the court particularly charges you that where a defendant in the trial of a criminal prosecution testifies in his own behalf, if you believe he has sworn the truth, and find him worthy of belief, you should give as full credit to his testimony as any other witness, notwithstanding his interest in the outcome of your verdict." The omission of any reference to the testimony of the defendant's witness (his wife) from the qualifying words applied to the testimony of the defendant himself may have been unintentional, an oversight, or even a *lapsus linguæ,* nevertheless the omission is clearly apparent from the record, and we cannot read into the charge words which do not there appear. We are bound by the record.

For the error assigned, there must be a

New trial.