### STATE v. JAMES ROBERT PARSONS.

(Filed 22 March, 1950.)

**1. Automobiles § 30d—**

Testimony of two witnesses to the effect that at the time in question defendant was drunk or intoxicated, *held* sufficient upon the question to be submitted to the jury in a prosecution for drunken driving.

**2. Criminal Law § 53i—**

Charge of the court as to the scrutiny to be given testimony of defendant in his own behalf, *held* without error.

APPEAL by defendant from *Rousseau, J.,* December Term, 1949, of WILKES.

Criminal prosecution on indictment charging the defendant with operating a motor vehicle on the public highways of Wilkes County while under the influence of intoxicants.

The record discloses that on the afternoon of 4 September, 1949, the defendant and one Ward Snarr were traveling in the same direction in automobiles on the Roaring River road near Ronda in Wilkes County. Snarr first passed the defendant and apparently irritated him by his driving. The defendant then passed Snarr, stopped his car and backed it into the Snarr car. The two then engaged in a bit of name calling and some quarreling.

The witness Snarr testified that in his opinion the defendant was drunk. C. G. Johnson, a bystander, also testified that in his opinion the defendant was "under the intoxication of something at the time." The arresting officer said that when he arrested the defendant some three hours later he was not then drunk, but that he did have the odor of an intoxicant on his breath.

The defendant testified that he was not drunk; that he had not had any liquor at all that day, but did admit he had taken a bottle of beer around 10 or 10:30 o'clock that morning. He said he was only provoked by Snarr's discourteous driving on the highway.

Verdict: Guilty as charged in the bill of indictment.

Judgment: Ninety days on the roads; also driver's license to be surrendered to the Clerk for transmission to Motor Vehicle Bureau for purposes of revocation.

Defendant appeals, assigning error.

*Attorney-General McMullan and John R. Jordan, Jr., Member of Staff, for the State.*
*Trivette, Holshouser & Mitchell for defendant.*

STACY, C. J. On the hearing, the case resolved itself into a disputed issue of fact determinable alone by the jury. The State's evidence taken in its most favorable light was amply sufficient to survive the demurrer. The defendant's evidence, if believed, would require an acquittal. The jury accepted the State's version of the matter. See *S. v. Kelly*, 227 N.C. 62, 40 S.E. 2d 454.

The exceptions to the charge present no new question of law or one not heretofore considerd in prior decisions. The instruction that the defendant "has a direct interest in your verdict . . . more interest than any other witness," etc., finds direct support in the case of *S. v. Davis*, 209 N.C., 242, 183 S.E. 420.

No reversible error having been made to appear, the verdict and judgment will be upheld.

No error.