Error.

---

## STATE v. MARVIN WORRELL.

(Filed 11 October, 1950.)

**1. Criminal Law § 81c (2)—**

Objection to excerpts from the charge cannot be sustained when the charge, construed contextually, is without prejudicial error.

**2. Criminal Law § 53i—**

An instruction to the effect that the State's evidence of defendant's bad character should not be considered as substantive evidence but only as bearing upon the credibility of defendant as a witness in his own behalf, *is held* without prejudicial error.

**3. Same—**

An instruction to the effect that testimony of defendant should be taken with some allowance but that the law does not reject or impeach his testimony, with further instruction that if the jury should believe defendant has sworn to the truth and find him worthy of belief, it should give his testimony as full credit as that of any other witness notwithstanding his interest, *is held* without prejudicial error.

APPEAL by defendant from *Morris, J.,* May Term, 1950, of WAYNE. No error.

The defendant was charged with receiving stolen goods knowing them to have been stolen. There was verdict of guilty, and from judgment imposing sentence, the defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Walter F. Brinkley, Member of Staff, for the State.*

*J. Faison Thomson and N. W. Outlaw for defendant, appellant.*

DEVIN, J. The only exceptions brought forward in defendant's assignments of error relate to the court's charge to the jury.

Several excerpts from the charge to which exception was noted, when taken out of context, might appear to have some substance, but when the charge is considered in its entirety and contextually we discover no prejudicial error. *S. v. Bridges,* 231 N.C. 163, 56 S.E. 2d 397; *S. v. Truelove,* 224 N.C. 147, 29 S.E. 2d 460; *S. v. Lee,* 192 N.C. 225, 134 S.E. 458.

The court charged the jury as follows: "In this case the State of North Carolina has offered certain evidence of the bad character of the defendant. He having testified in his own behalf, it becomes my duty to instruct you how you will consider that evidence. I instruct you that you will not consider that as substantive evidence but will consider it only as it bears upon the credibility of the witness Marvin Worrell by testifying in his own behalf, and it is only in that light you will consider that testimony." Objection to this instruction when considered in the connection in which it was given cannot be sustained.

Also, the court instructed the jury that the testimony of interested parties, near relatives and accomplices should be taken with some degree of allowance, "but the rule does not reject or necessarily impeach such evidence." To this the court added, "I instruct you where a defendant in the trial of a criminal action testifies in his own behalf, if you believe he has sworn to the truth, and find him worthy of belief, you should give as full credit to his testimony as you would to any other witness, notwithstanding his interest in your verdict." We perceive no substantial harm to the defendant from this instruction. *S. v. Davis,* 209 N.C. 242, 183 S.E. 420. Considered in its entirety we think the defendant has no cause for complaint. Error was assigned in no other respect. The evidence supported the verdict.

In the trial we find

No error.