STATE v. LUTHER KIMMER.

(Filed 10 December, 1958.)

**Criminal Law § 111—**

A charge that the jury should scrutinize the testimony of defendant's wife in his behalf, without giving the qualifying instruction that if the jury, after scrutiny, should believe her testimony to give it the same weight as the testimony of a disinterested witness, is error.

PARKER, J., not sitting.

APPEAL by defendant from *Crissman, J.,* September Term, 1958, of SURRY.

Criminal prosecution on a three-count indictment charging (1) breaking and entering in violation of G.S. 14-54, (2) larceny, and (3) receiving stolen goods in violation of G.S. 14-71.

The court instructed the jury not to consider the third count.

As to the first and second counts, the jury returned a verdict of guilty; and judgment, imposing a prison sentence, was pronounced. Defendant excepted and appealed.

*Attorney General Seawell and Assistant Attorney General Love for the State.*

*Frank Freeman for defendant, appellant.*

PER CURIAM. The Attorney General rightly concedes that, on authority of *S. v. Davis,* 223 N.C. 57, 25 S.E. 2d 187, defendant is entitled to a new trial on account of error in the charge.

Defendant's wife testified in his behalf. In reviewing the State's contentions, the court called attention to her status as an interested witness whose testimony should be scrutinized in the light of her interest. However, the court inadvertently failed to give an instruction to the effect that if, after such scrutiny, the jury believed her testimony, it should be given the same weight as the testimony of a disinterested credible witness.

Since a new trial must be awarded for the court's failure to give the indicated qualifying instruction, discussion of defendant's other assignments of error is unnecessary. The questions raised therein involve matters that may not recur at the next trial.

New trial.

PARKER, J., not sitting.