STATE OF NORTH CAROLINA v. MARION URIAH HODGES, JR.

No. 772SC797

(Filed 21 February 1978)

1. **Homicide § 19.1— reputation of deceased—exclusion of testimony not prejudicial**

    Defendant in a homicide prosecution was not prejudiced where the trial court sustained the district attorney's objection to defense counsel's questions to defendant as to why he shot the victim, since defendant answered that he was afraid of the victim because of his reputation as a dangerous man, and the court did not strike that testimony.

2. **Homicide § 32.1— second degree murder—nonsuit motion denied—verdict of guilty of manslaughter—denial of motion not prejudicial**

    Defendant failed to show that he was prejudiced by the trial court's denial of his motion for nonsuit on the charge of second degree murder, since defendant was, in effect, acquitted of second degree murder when he was convicted of manslaughter.

3. **Criminal Law § 111.1— defendant's statement to police officers—jury instruction proper**

    The trial court did not fail to define properly the law relating to the admission of a statement defendant made to a police officer prior to trial where the court instructed the jury to consider all the circumstances under which the statement was made in determining the weight that should be given it.

4. **Homicide § 28— reputation of deceased for violence—rebuttal evidence—jury instructions proper**

    The trial court in a homicide prosecution properly instructed the jury that the State could rebut defendant's evidence of the reputation of deceased for violence by showing evidence of the good character of deceased for peace and quiet, since there was sufficient testimony to support such an instruction.

5. **Criminal Law § 113.9— objections to jury charge—time for making**

    Objections to the trial court's jury charge in stating the evidence and contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction; otherwise, objections are deemed to have been waived and will not be considered on appeal.

    Judge WEBB dissenting.

APPEAL by defendant from *Small, Judge*. Judgment entered 29 June 1977 in Superior Court, MARTIN County. Heard in the Court of Appeals 31 January 1978.

Upon a plea of not guilty defendant was tried on a bill of indictment charging him with the murder of Kenneth Harris (Har-

ris). The State asked for no greater verdict than murder in the second degree.

Evidence presented by the State is summarized in pertinent part as follows:

On the morning of 22 November 1976 defendant was deer hunting with four other men. A short while before noon defendant was sitting in his truck on the side of a rural road with one of his hunting companions sitting on the passenger side of the truck. Three other members of the party were standing on the road outside the truck when Harris drove up in his truck. Defendant was parked on the extreme left side of the road heading north and Harris, who was headed south, stopped his truck in the middle of the road near the front of defendant's truck.

Harris got out of his truck and went directly to the driver's side of defendant's truck. Defendant called Harris a "pretty boy" after which Harris called defendant a s.o.b. Harris reached into the truck and grabbed defendant's shoulders and throat. A scuffle ensued during which the truck door opened and defendant ended up lying on the ground a few feet from his truck. As defendant was being pulled from the truck, he grabbed a .22 Derringer pistol which was on the seat and as he hit the ground a shot was fired and Harris moaned and fell. No one saw the gun prior to the shot being fired and Harris had no weapon on his person.

Defendant instructed his friends to call the rescue squad. He then surrendered to the sheriff's department where he gave a statement admitting that he had shot Harris with the .22 caliber Derringer. According to testimony of Mrs. Harris, defendant called her husband in October 1976; upon being told that Harris could not come to the telephone, defendant told Mrs. Harris to tell him that he would hunt on the Gall Berry Road whenever he pleased and that he had something for Harris. Mrs. Harris told defendant that she considered his statement to be a threat and hung up the telephone. It was stipulated that Harris died as a result of a gunshot wound inflicted by defendant.

Defendant testified that he shot Harris because he was afraid of him due to his reputation as a dangerous man; that he knew that Harris was going to hurt him if he did not shoot; that Harris opened the truck door, pulled him out of the truck and threw him on the ground; that this made him so mad he shot Harris in the

chest; and that he had had no previous trouble with Harris although Harris had told him once to keep his dogs out of Harris' fields.

Two of defendant's hunting associates testified to hearing complaints and threats passed between Harris and defendant several weeks and months prior to the shooting. Five witnesses testified that Harris had a bad reputation in the community for being a dangerous and violent man. Six witnesses testified as to defendant's general good character and reputation in the community.

The State presented evidence on rebuttal tending to show that Harris' general character and reputation in the community was good. There was also evidence tending to show that Harris was 39 years of age at the time of his death, was approximately six feet tall and weighed approximately 200 pounds; and that defendant was 42 years of age, was five feet eight inches tall and weighed approximately 195 pounds.

The court instructed the jury that they might return a verdict of guilty of murder in the second degree, guilty of manslaughter or not guilty. They returned a verdict finding defendant guilty of manslaughter and from judgment imposing prison sentence of 18 years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Kaye R. Webb, for the State.*

*W. B. Carter and Clarence W. Griffin for defendant appellant.*

BRITT, Judge.

[1] Defendant contends first that the court committed prejudicial error in sustaining the State's objections to his counsel's questions to him as to why he shot Harris. We find no merit in this contention.

This contention relates to Exceptions 4, 5 and 6. With respect to them, the record discloses:

Q. Mr. Hodges, why did you shoot Mr. Harris?

A. Well, I was afraid of him and I knew he was going to hurt me.

Objection of the District Attorney sustained.

EXCEPTION NO. 4

Q. Can you tell us why you shot Mr. Harris?

A. I knew he was going to hurt me.

Objection of District Attorney sustained.

EXCEPTION NO. 5

I was afraid of him because I knowed he had a bad reputation. He had a reputation for being dangerous. . . .

Q. I ask you, Mr. Hodges, why you were afraid of him.

OBJECTION by the District Attorney sustained.

EXCEPTION NO. 6

The witness was permitted to make the following answer to the court reporter in the absence of the jury: "because he had a dangerous reputation. He assaulted his brother, was charged with assaulting his brother and two or three more in the neighborhood."

Defendant argues that a defendant may show that he shot and killed his adversary under a reasonable apprehension of death or great bodily harm, and that the exclusion of his testimony to that effect was reversible error; he cites *State v. Deck*, 285 N.C. 209, 203 S.E. 2d 830 (1974); *State v. Gladden*, 279 N.C. 566, 184 S.E. 2d 249 (1971), and other cases. While we agree with the stated rule, we do not think it was violated to defendant's prejudice in the case at hand.

Although we think the trial court erred in sustaining the State's objections indicated by Exceptions 4 and 5, we perceive no prejudice to the defendant. The court sustained the objections but it did not strike the answers or instruct the jury not to consider the answers. Then, in the next sentence, defendant was allowed to state without objection that he was afraid of Harris because he had a reputation for being dangerous.

With respect to the question and answer to which Exception 6 relates, we think the objection was properly sustained for the reason that defendant had just stated why he was afraid of Harris. This conclusion is confirmed by the excluded answer—

"because he had a dangerous reputation". Clearly, the remaining portion of the excluded answer, that relating to Harris' assaulting other people, was not admissible for the reason that there was no showing that defendant had personal knowledge of the assaults. *State v. Mize*, 19 N.C. App. 663, 199 S.E. 2d 729 (1973).

Defendant's contention that the court erred in permitting Mrs. Harris to testify that she told defendant over the telephone that she considered a statement made by him a threat has no merit for the reason that there was no objection to the question that produced the testimony or a motion to strike it. The record indicates that the objection was to Mrs. Harris' testimony that she recognized defendant's voice over the telephone. 4 Strong's N.C. Index 3d, Criminal Law § 162.

[2] Defendant's contention that the trial court committed prejudicial error in denying his motion for nonsuit of the charge of second-degree murder has no merit. In the first place, we think the evidence was sufficient to sustain a verdict of second-degree murder. Assuming, however, that it was not sufficient, defendant has failed to show prejudice since he was, in effect, acquitted of second-degree murder. *State v. Miller*, 272 N.C. 243, 158 S.E. 2d 47 (1967).

[3] With respect to his Exception 13, which relates to a portion of the jury charge, defendant contends the trial court failed to properly define the law relating to the admission of a statement defendant made to a police officer prior to trial. This contention has no merit.

Defendant relies on *State v. Edwards*, 211 N.C. 555, 191 S.E. 1 (1937), which holds that the whole of a confession must be taken together, considering both those portions which are favorable to as well as those which are against the accused. The principle expressed in *Edwards* is not applicable to this case for the reason that there was no attempt by the State to separate defendant's statement to the officer into pro and con components. The instruction given to the jury was for it to consider all the circumstances under which the statement was made in determining the weight that should be given to it. The instruction was not contrary to the holding in *Edwards*.

In his brief defendant argues his Exception 14 which evidently refers to a portion of the jury charge. However, the record

fails to contain an Exception 14 in the charge and the portion of the charge to which it might relate. That being true, the exception is not considered. Rule 10, Rules of Appellate Procedure, 287 N.C. 671, 698, 699.

Exceptions 15 and 16 relate to the court's instructions on corroborative evidence and conflicts in the evidence. Defendant contends that the court committed prejudicial error in giving these instructions for the reason that no evidence was introduced for the purpose of corroboration and there was no conflicting evidence. We find no merit in this contention. On the question of corroborative evidence, assuming there was no evidence presented solely for the purpose of corroborating other evidence, we can perceive no prejudice to defendant because of the isntruction. As to the conflicts in the evidence, definitely there were conflicts, justifying the instruction on that point.

[4] Exception 17 relates to the court's instruction to the jury to the effect that the State may rebut defendant's evidence of the reputation of deceased for violence by showing evidence of the good character of Harris for peace and quiet. Defendant argues that there was no evidence offered by the State that Harris had a reputation for peace and quiet. He further argues that the State offered evidence of the general good character of Harris; that the evidence was improper under *State v. Johnson*, 270 N.C. 215, 154 S.E. 2d 48 (1967), and *State v. Champion*, 222 N.C. 160, 22 S.E. 2d 232 (1942); and that he should be granted a new trial as was done in those cases.

As to defendant's first argument pertaining to Exception 17 aforesaid, we think the testimony of witness Eubanks was sufficient to justify the instruction. Without objection Mr. Eubanks testified that Harris' general "character and reputation" in the community in which he lived was good, that he "saw no signs of violence", and that he never heard anyone express an opinion that Harris was "of a dangerous propensity". As to defendant's second argument, evidence of Harris' general reputation and standing was not objected to, therefore, defendant is deemed to have waived any objection thereto. *State v. Lowery*, 286 N.C. 698, 213 S.E. 2d 255 (1975), *modified* 428 U.S. 902, 49 L.Ed. 2d 1206, 96 S.Ct. 3203 (1976).

**[5]** Defendant's Exceptions 18, 19, 20 and 21 relate to certain portions of the jury charge pertaining to contentions of the State. We find no merit in defendant's challenge to these parts of the charge for the reason that objections to the charge in stating the evidence and contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction; otherwise, objections are deemed to have been waived and will not be considered on appeal. *State v. Gaines*, 283 N.C. 33, 194 S.E. 2d 839 (1973); *State v. Virgil*, 276 N.C. 217, 172 S.E. 2d 28 (1970).

Defendant's other exceptions brought forward and argued in his brief also relate to the jury charge. It suffices to say that we have carefully reviewed these portions of the charge, particularly those pertaining to self-defense, and conclude that they too are free from prejudicial error.

In defendant's trial and the judgment appealed from, we find

No error.

Judge HEDRICK concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority in its conclusion that the error in sustaining objections to certain questions propounded to the defendant was not prejudicial. The defendant was relying principally on self-defense. It went to the heart of his case for him to testify that he shot Mr. Harris because he was afraid of him and knew Mr. Harris was going to hurt him. By excluding this testimony, I believe the Court committed prejudicial error. The majority concludes that since the record shows the defendant answered in spite of the objection that no prejudicial error occurred. I do not believe we can assume the jury ignored the action of the judge in sustaining the objections. I also take note of the fact that although from reading the record it would appear the answers, objections and rulings came in an orderly sequence, it could well have been that all were simultaneous so that with three people talking at once the jury never heard the answers.